RUFUS W. SCOTT, Administrator, Appellant, v. PEARL A. WAMSLEY, Appellee.

No. 41477.

NOVEMBER 15, 1932.

REHEARING DENIED APRIL 6, 1933.

Joseph C. Picken and Paul H. Cunningham, for appellant.

Miller, Miller & Miller, for appellee.

DE GRAFF, J.—The one question presented on this appeal arises on an order of the district court sustaining a special appearance wherein the defendant alleged that the court did not have jurisdiction of the person of the defendant and did not have jurisdiction of the property of the defendant. In said special appearance, defendant alleged that she was a nonresident of the state of Iowa; that the property attached by garnishment was the avails from an insurance policy on the life of her husband, Jesse E. Wamsley, and therefore exempt to her from her antecedent debts, and being exempt the court did have and could have no jurisdiction thereof.

To the special appearance of the defendant the plaintiff filed

a resistance and denial of the defendant's special appearance. In said resistance the plaintiff alleged that the court had jurisdiction of the attached property; that the property of defendant attached by garnishment was not exempt to the defendant from her own debts incurred prior to the death of her husband, for the reason that the defendant widow was not the named beneficiary in the policy of insurance on the life of the deceased husband; that before the defendant could claim the property, attached by garnishment, exempt from her own antecedent debts, she must have been named beneficiary in the policy of insurance on the life of her husband; that the defendant, Pearl A. Wamsley, was not the named beneficiary in the said insurance contract, and therefore the property attached by garnishment was not exempt from her own debts, and that the court did have jurisdiction *in rem* of the defendant's property.

The facts disclose that the defendant-appellee, Pearl A. Wamsley, was a nonresident of the state of Iowa. Her deceased husband was Jesse E. Wamsley. He died on May 15, 1930, leaving Pearl A. Wamsley, his widow, and two daughters, one adult and one a minor, as his heirs at law.

Jesse E. Wamsley had a double certificate of membership or policy of insurance in the Iowa State Traveling Men's Association of Des Moines and his death was caused by an accident. The said beneficiary was his brother, Al Wamsley, and named in the insurance contract "Al Wamsley, Trustee, of Metcalf, Illinois."

The defendant, Pearl A. Wamsley, in her individual capacity and as guardian of her minor daughter, brought an action at law (No. 39809) in the district court of Iowa in and for Polk county against the insurance company and others on the said insurance contract, claiming that she as widow, and the daughters of the insured were entitled to the avails of the insurance contract on the life of Jesse E. Wamsley. The insurance company paid the amount due in the sum of $10,000 to the clerk of the Polk county district court, under an order of court. The court, by judgment entry, found for the widow and daughter of Jesse E. Wamsley and gave to the widow and the said two heirs each $3,333.33.

Pearl A. Wamsley, the defendant, signed as joint maker with her husband the two promissory notes in suit, which notes were payable to Julia A. Wamsley, who was the widow of Al Wamsley. The plaintiff, Rufus W. Scott, was the substituted administrator of Julia A. Wamsley, deceased, and as such brought the instant action

upon said notes against Pearl A. Wamsley. The defendant, Pearl A. Wamsley, was a nonresident of the state of Iowa, and for such reason, personal service of the original notice could not be had upon her within this state. The plaintiff sought jurisdiction *in rem* on defendant's property. The petition was filed alleging such fact of nonresidence and stating it as a ground for the cause of action in attachment. Said original notice contained notice of the attachment and description of the property attached. Proof of such publication was duly filed in this cause and no personal service of original notice was made on the defendant.

The trial court sustained the special appearance. This appears to have been done on the theory that the fund was exempt to Pearl A. Wamsley, the widow. The arguments filed here are devoted in large part to the question whether such fund was so exempt.

The only question before the trial court on a special appearance is that of the jurisdiction of the court. The fund sought to be reached by the garnishment proceedings is in the garnishee's hands. The court therefore had jurisdiction *in rem* of the subject-matter. Having such jurisdiction, it could proceed against such subject-matter. On the sole question of jurisdiction, such jurisdiction was neither greater nor less whether the fund was *exempt* or *nonexempt*. Nor can the question of exemption be considered at all upon a special appearance. The legal effect of sustaining the special appearance was to deny the jurisdiction of the court to proceed. The special appearance should have been denied with leave to the defendant to enter her general appearance and to claim her exemption if she so desire. Until such a claim be made by a general appearance, the question of exemption is not open to consideration at all herein.

The judgment of the court below in denying the jurisdiction is reversed.

STEVENS, C. J., and ALBERT, FAVILLE, WAGNER, EVANS, BLISS, and KINDIG, JJ., concur.