CLELLA ANDERSON, Appellee, v. ROY A. MOON, Appellant.

No. 44389.

MAY 3, 1938.

O. M. Slaymaker, R. E. Killmar, D. D. Slaymaker, and John B. Dyer, for appellee.

John H. Mitchell, Attorney General, and Henry J. Roelofs, Asst. Attorney General, for appellant.

MILLER, J.—At all times involved herein appellant was a resident and citizen of Polk County, Iowa, and on November 22, 1937, appellee filed her petition in the office of the clerk of the district court of Polk County, therein in substance alleging that on or about November 5, 1936, she was a passenger in an automobile being operated on highway 60 ,about four and a half miles south of Albia, Iowa; that at said time appellant was operating an automobile upon said highway and in so doing collided with the automobile in which appellee was a passenger, as a result of which appellee sustained severe injuries; that she was free from any negligence contributing to the collision or to her injuries; that the appellant was negligent, which negligence was the direct and proximate cause of the collision and the injuries sustained by appellee; and wherein she prayed for judgment against appellant. Following the filing of said petition, and on or about December 1, 1937, original notice of the pendency of said action was served upon appellant, which notice required him to appear and defend on· or before noon of the second day of the January 1938 term of the district court.

On January 4, 1938, appellant filed in the office of the clerk of the district court of Polk County a paper which he designated as "special appearance", therein alleging that he

appeared specially for the purpose of attacking the jurisdiction of the court over his person, and also over the subject matter of the action; and therein moved the court to dismiss the cause of action as to him for the following reasons: (1) That at the time and place referred to in the petition he was a duly appointed, qualified, and acting special investigator for the Iowa Liquor Control Commission, which commission is a part of and a subdivision of the government of the sovereign State of Iowa, and that at said time and place he was engaged in the performance of a governmental duty and function, and in the exercise of the police power of the State of Iowa; (2) that at the time and place in question he was driving an automobile, which was the property of the State of Iowa, in connection with and as a part of his duties as an officer, agent, and representative of the State of Iowa, in the exercise of governmental functions and of the police power of the State of Iowa, under the direction of a subdivision of the State of Iowa, to wit: the Iowa Liquor Control Commission. Attached to this pleading are the affidavits of appellant and of one W. W. Akers; said affidavits in substance stating that at the time of the collision in question appellant was a special investigator for the Iowa Liquor Control Commission; that on the date in question appellant was directed and authorized by said Akers as chief of the law enforcement divisions of said commission, to make investigation of violations of the Iowa Liquor Control Act, Code 1935, §1921-f1 et seq., and of the Iowa laws relating to the sale and possession of intoxicating liquors, in and near the towns of Mystic and Albia, Iowa; that appellant proceeded to the performance of said assignment, and in doing so drove an automobile belonging to the State of Iowa, and under the control and direction of the Iowa Liquor Control Commission; and that while so engaged in the performance of said assignment was involved in the collision with the automobile in which appellee was riding.

This special appearance was orally submitted to the trial court on January 15, 1938, and on said date overruled, from which ruling appellant appeals.

It is the contention of appellant herein that the court erred in overruling his special appearance for the reason that the same was the proper and only available method of raising the jurisdictional questions involved; that on account of the undisputed and unchallenged facts, as shown by the affidavits attached to

the pleading, appellant was engaged in the performance of governmental functions in the exercise of the police power of the State of Iowa, and therefore was not subject to the jurisdiction of the trial court.

Appellee contends that the trial court did have jurisdiction of the appellant and of the subject matter of the action, that the matters set out in the special appearance are purely defensive, and that the question of appellant's liability cannot be raised and determined on a special appearance, but that such question is for the determination of the trial court and the jury, upon the trial of the case.

■ Section 11088 of the Code of Iowa, provides as follows:

''Any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court. Such special appearance shall be announced at the time it is made and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case.''

It is to be observed from the reading thereof that by the filing of a special appearance the party doing so is strictly limited to *jurisdictional matters only,* and that the filing of such special appearance does not permit any pleading relative to the merits of the case. The special appearance herein is predicated upon the proposition that appellant was at the time of the collision in question representing a division of the State of Iowa, in its governmental capacity, and therefore was immune from liability in a civil suit.

■ This court has frequently had before it questions involving governmental immunity, both as to the municipality and as to the agent or representative of the municipality. In the opinions of this court wherein we have permitted the defense of governmental immunity to prevail upon the part of an agent or representative of the government, such immunity from liability has only been granted such agent or representative for an act committed in the performance of some governmental duty, and in no instance has it even been remotely suggested that the mere fact that the defendant was an employee of the State rendered him immune from liability in a civil suit. On account of the fact that no immunity extends to an agent or representative of the government in a civil action simply for the reason that he is such an agent or representative of the government, it

follows that service of an original notice upon such an individual in a civil action does confer upon the court jurisdiction of the person of the defendant.

In the instant case service of the original notice was made upon appellant in the county of his residence, and the action involved was a civil one predicated upon claimed negligence upon his part. If, upon trial, appellee successfully establishes the allegations of her petition, she will be entitled to recover unless it be established that at the time of the collision that appellant was immune from liability on account of his claim of governmental immunity. It follows therefore that the claim of governmental immunity interposed by appellant, if meritorious, would be proper defensive matter to be interposed and submitted during the trial of the action.

Appellant in his brief and argument cites and relies upon the cases of State v. Bitter Root Valley Irrig. Co., 185 Iowa 60, 169 N. W. 776, and North English Savings Bank v. Webber, 204 Iowa 958, 216 N. W. 10. However, an examination of these citations reveals that they are not authority for the proposition that defensive matter may be interposed upon a special appearance. In each of said cases original notices were served upon alleged agents of the defendants and the sole contention interposed by the special appearances were that such alleged agents were not in fact agents of the defendants, that therefore notices had not been served upon the defendants, and that as a result thereof the court was without jurisdiction of the defendants. It is true that in both of said cited cases evidence was taken at the hearing upon the special appearance, but said evidence, whether oral or by affidavits, dealt solely with facts involving the question of whether or not the parties upon whom notice had been served were agents of the defendants, and in neither of said cases was involved any matter whatever which could be deemed defensive to the causes of action plead by the plaintiffs therein. In each of said cases it was determined that, on account of the fact that the parties upon whom notices were served were not in fact agents of the defendants, that the court never procured jurisdiction of said defendants. In the instant case the court properly procured jurisdiction over the person of the defendant and the matters upon which appellant relies are therefore purely defensive.

In the case of Scott v. Wamsley, 215 Iowa 1409, 1412, 245

N. W. 214, 215, the defendant was a nonresident of the State of Iowa. Simultaneously with the commencement of the action a writ of attachment issued, and under said writ of attachment certain moneys were garnished, which were the avails of a life insurance policy. Notice of the action was served by publication. Defendant therein filed a special appearance alleging that she was a nonresident of the State of Iowa, and likewise alleging that the property attached by garnishment was the avails from an insurance policy on the life of her deceased husband, and therefore exempt to her from her antecedent debts, and being so exempt the court did not or could not have jurisdiction thereof. This court in commenting thereon, uses the following language:

"The only question before the trial court on a special appearance is that of the jurisdiction of the court. The fund sought to be reached by the garnishment proceedings is in the garnishee's hands. The court therefore had jurisdiction *in rem* of the subject-matter. Having such jurisdiction, it could proceed against such subject-matter. On the sole question of jurisdiction, such jurisdiction was neither greater nor less whether the fund was *exempt* or *nonexempt*. Nor can the question of exemption be considered at all upon a special appearance. The legal effect of sustaining the special appearance was to deny the jurisdiction of the court to proceed. The special appearance should have been denied with leave to the defendant to enter her general appearance and to claim her exemption if she so desire. Until such a claim be made by a general appearance, the question of exemption is not open to consideration at all herein."

Conceding, for the purpose of application, that the facts plead by appellant are sufficient to constitute immunity in his behalf, it seems to us that the application thereof to the quoted statement above is determinative of the question confronting us. In the quoted case the court had jurisdiction *in rem* of the subject matter, while in the instant case the court had jurisdiction of the person of appellant. Having procured such jurisdiction, it could proceed against appellant, and the legal effect of sustaining the special appearance herein would be to deny the jurisdiction of the court to proceed. Here, as in the cited case, the appellant has the right to enter his general appearance and to claim his governmental immunity if he so desires, and until

such claim is made by him under a general appearance it is apparent that that claim is not open to consideration.

In the case of Iowa Elec. Co. v. State Board of Control, 221 Iowa 1050, 1058, 266 N. W. 543, 547, plaintiff in its petition claimed to be the owner of certain real estate described therein; alleged that the defendant as members of the State Board of Control claimed some right, title, or interest in and to said real estate; that they had entered into possession thereof and refused to deliver possession thereof to the plaintiff. To that petition the defendants appeared specially, therein claiming that the action showed on its face that it was a suit against the State of Iowa in its sovereign capacity and could not be maintained, and that the court had no jurisdiction over the defendants. This special appearance was overruled by the trial court, which ruling was affirmed by this court. Therein Mr. Justice Donegan in speaking for the court, uses the following language:

"In the instant case we have before us only the petition of the plaintiff, the special appearance of the defendants, and the evidence introduced in support of such special appearance. Even if we assume that the evidence introduced is material and competent, and that the defendants who constitute the state board of control had the power to make binding contracts in regard to acquiring title to real estate (and no authority is cited showing that they possess such power), we are unable to see how it could be determined from what is before the court at this time that a binding contract was entered into, under which the state of Iowa acquired any right to the land involved in this action, without allowing the appellee to present evidence in support of the facts alleged in its petition. Such a procedure would involve a determination of the merits of the case, and this is not the purpose of a special appearance. Section 11088, Code 1931; Scott v. Wamsley, 215 Iowa 1409, 245 N. W. 214; Read v. Rousch, 189 Iowa 695, 179 N. W. 84; Irwin v. Keokuk Sav. Bank & Trust Co., 218 Iowa 470, 254 N. W. 806; Dolan v. Keppel, 189 Iowa 1120, 179 N. W. 515.

"Under the record as here presented, we are unable to see how the defendants can be said to be in rightful possession of the land for the state of Iowa, and, for this reason, immune from answering to the allegations contained in the plaintiff's petition. As the record stands, we, therefore, hold that the

special appearance was rightfully overruled and that the defendants were properly required to plead to the plaintiff's petition. If, upon further proceedings in this action, it shall appear that the state of Iowa does have an interest in the land here involved, and that the acts of the appellants were done by them as the agents and officers of the state, pursuant to valid authority, and in the performance of their duties, their claim of immunity as officers or an agency of the state will, no doubt, then receive the consideration to which it is entitled at the hands of the court.''

In view of our conclusion that the court had jurisdiction of the person of defendant, and that the matters plead in the special appearance were purely defensive, the action of the trial court in overruling the special appearance was correct, and it is unnecessary to pass upon the question of whether or not appellant was engaged in a duty that rendered him immune from liability, as that question will no doubt receive proper consideration when properly submitted to the trial court.

For the reasons hereinbefore set out, the action of the trial court is affirmed.—Affirmed.

STIGER, C. J., and all Justices concur.