DONALD L. STRAIT et ux., plaintiffs; L. M. HULLINGER, appellant, v. EUGENE D. and VERN A. BAXTER, defendants.

No. 51927.

(Reported in 140 N.W.2d 903)

MARCH 8, 1966.

Margaret L. Beckley and J. C. Beckley, both of Cedar Rapids, for appellant.

Franken, Keyes, Crawford & Bradley and G. K. Thompson, all of Cedar Rapids, for appellees.

STUART, J.—This lawsuit developed out of a stipulation dated March 25, 1963, which attempted to settle a landlord-tenant dispute. One provision required the receiver to pay $3000

cash to plaintiff-tenants, following the execution of the agreement, even though they were to pay the receiver $29,500 by the 15th of April, 1963. The $3000 was paid to plaintiffs and as they did not pay the $29,500 when due, judgment was entered against them and in favor of defendant-landlords on April 18, 1963, in the amount of $62,254.55 in accordance with the stipulation.

Along with the principal stipulation, a collateral agreement was executed by the parties and Loren M. Hullinger which provided as follows:

"AGREEMENT by and between Loren M. Hullinger, Donald L. Strait, and Bernice E. Strait, First Parties and Eugene B. Baxter and Vern A. Baxter, second parties, WITNESSETH:

"WHEREAS contemporaneously herewith Donald L. Strait and Bernice E. Strait have entered into a Stipulation of settlement of Cause No. 78052 pending in the District Court of Iowa in and for Linn County, in which the Straits are plaintiffs and the Baxters are defendants, and

"WHEREAS Loren M. Hullinger, who is attorney of record for the Straits in the aforesaid litigation, also has a personal interest in the settlement thereof upon the terms set out in said Stipulation as prospective landlord and owner of a farm leased to the plaintiffs for the crop year beginning March 1, 1963, and

"WHEREAS Mr. Hullinger has made the foregoing representations and the defendants in reliance thereon have been induced to enter into the said Stipulation upon the terms and conditions therein contained,

"Now, THEREFORE, in consideration of the execution of the Stipulation by the second parties as hereinabove set out, first parties jointly and severally agree, and Loren M. Hullinger individually and not in his representative capacity agrees, that, in consideration of the foregoing and specifically upon the agreement of the second parties to permit a distribution by the Receiver to Donald L. Strait and Bernice E. Strait under the terms of the Stipulation of settlement in the event the plaintiffs Donald L. Strait and Bernice E. Strait for any reason fail, neglect or refuse to perform their obligations under the said Stipulation on or before April 15, 1963 as therein provided, the second par-

ties as defendants in the above named cause may, in addition to the other remedies of the defendants provided for in said Stipulation, upon motion in said cause, with or without notice to the undersigned Loren M. Hullinger, have personal judgment against him for the sum of $3000 as liquidated damages."

. This collateral agreement was before the court when the stipulation was approved but was not placed of record at the request of Mr. Hullinger.

After judgment had been entered against plaintiffs, defendants filed a motion for judgment in the same cause against Mr. Hullinger. He filed a resistance and answer to such motion alleging reasons why judgment should not be entered. Defendants then filed a motion to strike the resistance and answer in toto and each division thereof separately. They also made a motion for summary judgment. Mr. Hullinger filed a resistance to the motion for summary judgment realleging the matters contained in his resistance to the first motion and adding a claim that the amount was unliquidated. Defendants moved to strike Mr. Hullinger's affidavit in this resistance.

A consolidated hearing on all pending motions was held September 23, 1963. Evidence was taken and files were introduced. The trial court sustained the motion for summary judgment and rendered judgment in favor of defendants against Mr. Hullinger in the amount of $3000. He has appealed. The tenants will be referred to as plaintiffs, the landlords as defendants and Mr. Hullinger as appellant.

The case turns on the question of whether any of the alleged divisions in Mr. Hullinger's resistance constitute a valid defense. We agree with the trial court that they do not.

■ I. Appellant claims judgment cannot be rendered against him in this cause because he was not a party and was not served with notice. The obvious answer is that he agreed to such procedure in the collateral agreement which provided: "In the event the plaintiffs Donald L. Strait and Bernice E. Strait for any reason fail, neglect or refuse to perform their obligations under the said Stipulation on or before April 15, 1963, as therein provided, the second parties as defendants in the above named cause may, in addition to the other remedies of the defendants

provided for in said Stipulation, *upon motion in said cause, with or without notice* to the undersigned Loren M. Hullinger, have personal judgment against him for the sum of $3000 as liquidated damages."

A second and equally valid reason why he may not object to this procedure is that he appeared generally by filing his resistance and answer which went to the merits of the case. Rule 65, Rules of Civil Procedure, provides: "A general appearance is any appearance except a special appearance. It is made either by: * * * (c) By filing a motion or pleading other, than under a special appearance." Rule 66 provides: "A defendant may appear specially, for the sole purpose of attacking the jurisdiction of the court, but only before his general appearance." Appellant's resistance included allegations of lack of consideration and fraud which go to the merits of the claim rather than jurisdiction.

A general appearance submits a party to the jurisdiction of the court. Baker v. Baker, 248 Iowa 361, 364, 81 N.W.2d 1, 3, 64 A. L. R.2d 1421. See also Anderson v. Moon, 225 Iowa 70, 73, 77, 279 N.W. 396, 397; Christensen v. Board of Supervisors, 251 Iowa 1259, 1266, 105 N.W.2d 102, 107.

II. Appellant also claims the district court could not proceed because plaintiffs were adjudged bankrupt on April 13, 1963, and a Stay Order issued April 24, 1963. We need not decide the effect of such action on these particular proceedings as the record shows this claimed order in bankruptcy "was quashed by the Bankruptcy Court on May 17, 1963" and such defense was therefore moot at the time of the hearing on September 23, 1963.

III. A claim is made there was no consideration for the collateral agreement. The record is clear there was consideration. It is expressed in the agreement:

"WHEREAS Loren M. Hullinger, who is attorney of record for the Straits in the aforesaid litigation, also has a personal interest in the settlement thereof upon the terms set out in said Stipulation as prospective landlord and owner of a farm leased to the plaintiffs for the crop year beginning March 1, 1963, and

"WHEREAS Mr. Hullinger has made the foregoing represen-

tations and the defendants in reliance thereon have been induced to enter into the said Stipulation upon the terms and conditions therein contained,

"Now, THEREFORE, in consideration of the execution of the Stipulation by the second parties as hereinabove set out, first parties jointly and severally agree, and Loren M. Hullinger individually and not in his representative capacity agrees, that, in consideration of the foregoing and specifically upon the agreement of the second parties to permit a distribution by the Receiver to Donald L. Strait and Bernice E. Strait under the terms of the Stipulation of settlement."

There was, in addition, a cash detriment to defendants because the receiver paid out $3000 cash which would otherwise have been available for consideration in the accounting. As we said in Bjorensen Construction Co. v. Whitmer & Sons, 254 Iowa 888, 893, 119 N.W.2d 801, 804: "Nothing stated in the affidavit filed herein amounts to an ultimate fact upon which a legal conclusion may be drawn that there was a failure of consideration."

IV. Appellant claims he is entitled to a jury trial of all issues raised in the resistance and answer. This charge in and of itself does not constitute a proper resistance to a motion for summary judgment. He is entitled to a jury trial only if the allegations in the resistance are such that they would constitute a meritorious defense, if true.

V. Appellant pleads a general denial of the allegations of the motion for summary judgment. In summary judgment procedure set forth in Rule 238, R. C. P., defendant must resist the motion "with affidavits showing facts which the court deems sufficient to permit him to defend." The affidavit, hereinafter referred to, sets forth no facts upon which a court could permit the defense of a general denial to stand. Bjorensen Construction Co. v. Whitmer & Sons, supra.

VI. Appellant claims "If anybody has a cause of action, which this resistance denies, that the receiver alone would have said cause." The answer again is obvious. The collateral agreement provided the judgment should be in favor of defendants. "The second parties [the Baxters] * * * may * * * have

personal judgment against him [Hullinger] for the sum of $3000 as liquidated damages."

VII. Appellant resisted the motion for summary judgment on the ground damages were unliquidated because "it is a disputed claim." The claim may be disputed but the suit is for a sum certain specified in the agreement as "liquidated damages." "A claim is liquidated when the amount thereof has been ascertained and agreed upon by the parties or fixed by operation of law." Hallett Construction Co. v. Iowa State Highway Commission, 258 Iowa 520, 528, 139 N.W.2d 421, 426. Rule 237, R. C. P.

VIII. We have reserved for our final consideration the only division of appellant's resistance which he argues extensively. Appellant alleges the stipulation and collateral agreement were obtained by fraud in that defendants represented they had paid two specific claims and other debts which together exceeded $33,000 when in fact they were not paid. "That the plaintiffs and their counsel [appellant] believed said statements and representations and were induced thereby to enter into the stipulation" and collateral agreement. "That the plaintiffs and L. M. Hullinger would not have executed said instruments had they known that said statements and representations of the defendants were false and untrue."

Rule 238, R. C. P., allows a defendant to resist a motion for summary judgment "with affidavits showing facts which the court deems sufficient to permit him to defend. * * * The court may, on plaintiff's motion, strike any affidavits filed by defendant which it finds insufficient, frivolous or made only for delay."

Appellant's affidavit filed in resistance to the motion for summary judgment contained only opinions and legal conclusions and set forth no additional evidentiary or ultimate facts. His resistance, referred to above, was incorporated in the affidavit by reference and we must look to it to find allegations of factual issues which would prevent the entering of a summary judgment. We agree with the trial court that the factual matters alleged therein are not sufficient to permit appellant to defend. There are no facts set forth which support the conclusion that plaintiffs and appellant would not have executed the settlement

had they known these accounts were unpaid. We have examined the stipulation and have discovered nothing therein which indicates why this fact should have had an influence on the execution of the settlement by plaintiffs and appellant. A full accounting was made part of the stipulation and approved by the parties.

For the first time, in argument here, appellant sets forth his reason why such statements served to induce him to sign the collateral agreement. "Said amounts totalled more than $33,000. And, if said claims had been paid—as represented by the defendants—the plaintiffs would have had no trouble in paying off the sum of $29,500, realizing said sum from their share of the sale of said property, as set out in paragraph 3 of the aforesaid stipulation." These matters should have been in the affidavit and cannot serve as support for appellant's resistance when they first appear in argument here. In any event, such facts would not be sufficient to prevent the entering of a summary judgment. The stipulation shows plaintiffs were not entitled to a share from the sale of the property if the stipulation was carried out. Defendants were to have an assignment of all the proceeds in the hands of the receiver subject to certain allowances, costs and the payment of listed debts. Plaintiffs were to execute a bill of sale to defendants for a substantial amount of property and pay defendants $29,500. Plaintiffs were to receive their property in the hands of the receiver only after they had performed all of their obligations under the contract.

Plaintiffs specifically waived "any claims to funds in the receivership arising out of the sale of property heretofore owned in common by the plaintiffs and defendants, except that the funds be applied as required to the payment of certain obligations of the plaintiffs and defendants under specific provisions hereinafter set out."

Plaintiffs were to receive a net share from the sale of the property under the agreement only if they did not comply with the settlement terms and judgment was entered against them for $62,254.55. All the property was to be sold and the proceeds applied against the costs, obligations to third parties and the $62,254.55 judgment. Any funds remaining thereafter were to

be paid to plaintiffs. After plaintiffs defaulted this procedure was followed and all property was sold. There is a balance still due on the judgment in favor of defendants in the amount of $28,451.26.

Appellant has not in his resistance or affidavit set out facts which would support the defense of fraud and the trial court was correct in sustaining the motion for summary judgment.

A second reason for striking the allegation of fraud is that this is an attempt to make a collateral attack on a judgment. The judgment entered against plaintiffs under the terms of the stipulation has not been attacked in any manner. The receivership has been completed and closed and the deficiency determined. The collateral agreement by which appellant bound himself to pay $3000 was a part of the total settlement under which judgment was rendered.

"[W]hen a judgment has been entered with full jurisdiction of the subject matter and of the parties it may not be collaterally attacked in an action that has an independent purpose other than the overturning of the judgment; which merely seeks to relitigate the same issues determined by the judgment. This is so even though the first judgment was obtained by fraud, unless the fraud goes to the jurisdiction of the court." City of Chariton v. J. C. Blunk Construction Co., 253 Iowa 805, 822, 112 N.W.2d 829, 838.

For the reasons stated, this case is affirmed.—Affirmed.

All JUSTICES concur.