STATE OF IOWA ex rel. RAY F. HUTT, Appellant, v. ANTHES FORCE OILER COMPANY et al., Appellees.

No. 46795.

APRIL 2, 1946.

REHEARING DENIED JUNE 21, 1946.

J. O. Boyd, of Keokuk, for appellant.

E. H. Pollard, of Fort Madison, for appellees.

HALE, J.—This is an action in quo warranto seeking to oust defendants of their right to act as a corporation, praying for its dissolution and appointment of trustees or a receiver to liquidate and pay all liabilities, and that the surplus, if any, be divided among those entitled thereto as determined by the judgment of the court, and for other suitable orders. A demand was made upon the county attorney of Lee county to commence and prosecute the action, which demand he refused. Application was made to the district court of Lee county, and leave to commence and prosecute in the name of the State of Iowa was granted on May 11, 1944, and petition filed.

The relator, Ray F. Hutt, alleges he is the owner of one hundred fifty-four shares of stock in the Anthes Force Oiler

Company, defendant, and that the other defendants are the owners of other shares of stock in said company. The petition alleges that on or about December 29, 1922, Garrison P. Anthes, George P. Anthes, J. H. Axt, and C. B. Anthes executed articles for the incorporation of said company, specifying an authorized capital stock of $100,000 divided into one thousand shares at a par value of $100 per share, but there was no provision in the articles for commencing business or exercising the powers of a corporation for any lesser amount, or any provision made in said articles for engaging in business until the authorized capital had been fully paid. Plaintiff avers that defendants have been claiming to be authorized to engage in business and have been exercising the prerogatives of a corporation and powers not conferred by law; that the articles of incorporation provided that none of the said stock should be issued until the corporation had received the par value thereof; and that Garrison P. Anthes, George P. Anthes, and J. H. Axt were three of the four directors named in said articles and they were also officers of the corporation. The petition further states that on or about January 23, 1923, the said incorporators, directors, and officers contracted with themselves· as individuals, agreeing to purchase property from themselves as individuals for $52,000 and pay for the same in installments of $10,400 each on February 1st of 1923, 1924, 1925, 1926, and 1927, and the contract provided that said individuals were to use said purchase price in payment of common stock to be issued at par; that the incorporators of the corporation never applied to the executive council of the state of Iowa for the purpose of having the council value the property and authorize the issuance of common stock therefor; that the corporation at that time had no funds from which to purchase such property and the major portion of such property consisted of patents, patent rights, good will, and other things of intangible and uncertain value; that the shares of common stock were issued to said persons about the 4th of February 1924, the 13th to 17th of February 1925, and about the 13th of February 1926, and February 14, 1927; that none of said property was appraised by the executive council and the procedure used was a conspiracy to evade the provisions of the

articles of incorporation and the statute, and a fraud upon all subsequent stockholders who acquired stock in good faith in reliance that said corporation was duly incorporated according to law.

Following the above, paragraph 6 of the petition alleges the failure of the corporation when issuing stock to file a certificate under oath with the secretary of state within ten days after such issuance and that the only filing which was made in accordance with statute was with reference to the issuance of two hundred seventy-two shares at various times in 1923. This paragraph 6 was struck out on motion on September 18, 1944, but the petition was amended on December 9, 1944, by paragraph 6-A alleging failure of the officers of the corporation to comply with the provisions of the articles of incorporation and failure to file the certificate with reference to the issuance of capital stock and claiming that the corporation never became a corporation de jure or corporation de facto.

The petition alleges, in paragraph 7, that none of the certificates of stock issued by the corporation contained any certificate or statement as to whether the same was paid for in money or property, as provided by law; that contrary to the articles of incorporation the corporation has declared and paid dividends on the preferred stock in the form of written debentures which constitute a diversion of funds contrary to the statutes and articles of incorporation.

Paragraphs 9 and 10 of the petition were struck out by the court on motion. They allege first that the Anthes Force Oiler Company was never lawfully incorporated or authorized to engage in business as a corporation; that the manner and methods of payment of its capital stock constituted a fraud upon the state and upon subsequent purchasers of stock; that it never complied with the laws of the state of Iowa sufficiently to act as a corporation; that the directors and officers dealing with themselves were acting contrary to the statutes of Iowa; that said parties, directors, officers, and incorporators entered into a conspiracy to engage in irregularities that were contrary to the statute, and that the whole procedure constituted a fraud and the stock issued is null and void; that the

Anthes Force Oiler Company, without authority of law, is claiming to act as a corporation, is exercising powers not conferred upon it, and that the certificate of incorporation thus obtained constituted a fraud, and said certificate was issued by the secretary of state in ignorance of the fact that the stock so issued is null and void and should be canceled.

Plaintiff prays for the cancellation of the shares of stock issued to Garrison P. Anthes, George P. Anthes, J. H. Axt, and C. B. Anthes, and for decree against the corporation forfeiting its original franchise and annulling the same, and for the ouster of the corporation and exclusion from its franchises, for its dissolution, and for the appointment of trustees.

The petition was first attacked by defendants' motion to set aside the order authorizing suit, which was overruled. Various motions were filed to the petition. Of these the court found it necessary to rule on only two: a motion for more specific statement and a motion to strike certain parts of the petition. Following the court's ruling sustaining the motion for more specific statement plaintiff set out, as an amendment, the original articles of incorporation, a certificate of amendment to such articles, dated November 24, 1937, showing a change in the capital stock in article 14 thereof from shares at par value, to seven hundred fifty shares of no-par common stock, and two hundred fifty shares of preferred stock of the par value of $100; also set out the renewal on February 26, 1943, of the articles of incorporation for a period of twenty years from January 9, 1943. The motion to strike, filed at the same time, was sustained on the ground that the action was not brought by the proper party and should have been brought by the attorney general. The court, as stated, further struck out paragraphs 6, 9, and 10 of the petition.

Another amendment to the petition, filed March 22, 1945, alleges that plaintiff acquired knowledge and notice of the facts alleged in the petition shortly prior to the institution of the action and that the facts alleged in the petition came to the knowledge and notice of the plaintiff within six months prior to the filing of the petition.

Thereafter defendants filed, with other motions, a motion

to dismiss, which, as amended, is the motion in controversy, and which was sustained in part by the court.

As heretofore shown, the petition is based on a violation of certain parts of chapter 385 of the Code of Iowa, 1939. The sections, so far as this action is concerned, are:

"8412 Par value required. No corporation organized under the laws of this state, except·building and loan associations, shall issue any certificate of a share of capital stock, or any substitute therefor, until the corporation has received the par value thereof."

Section 8413 requires that if payment for any shares of capital stock shall be proposed to be made in any property other than money, application must be made to the executive council for leave to do so, setting forth specifically such property.

Section 8414 requires that the executive council must investigate and determine the value a corporation may receive in payment for capital stock.

Section 8416 requires that within ten days after the issuance of any capital stock a report must be made to the secretary of state stating the date and amount issued, how much was received therefor, or the property or thing taken other than money.

Sections 8417 and 8418 provide for the penalty for violation.

. The court in its ruling found that stock issued in violation of these sections would be voidable rather than void. The court also found, as it had theretofore found in its ruling on the motion to strike, that the action for the violation of the statutes was wrongly brought.

The ruling of September 18, 1944, on the motion to strike, was made a part of the court's ruling of April 24, 1945, on defendants' motion to dismiss. The court, in the latter, sustained the motion so far as it related to the violation of chapter 385 of the Code, on the grounds of waiver and laches, not only because of lapse of time but because of the filing by the defendant corporation with the secretary of state of the amend-

ment to its original articles of incorporation, the filing of its renewed and substituted articles of incorporation, and by the filing of its annual reports.

In referring to its former ruling on the motion to strike, the court again holds that in a proceeding for cancellation of stock for violations of Code sections 8412 to 8416, inclusive, also in an action to dissolve a corporation, this action must be brought by the attorney general, according to section 8418 of the Code. Upon these grounds a motion to dismiss was sustained, and from this action of the court the plaintiff appeals.

Further, the court finally decided in its opinion, from the conclusion reached, that it did not seem necessary to consider any other grounds of the motion to dismiss as amended, but, to conform strictly to Rule 118 of the Iowa Rules of Civil Procedure, all other grounds of the motion to dismiss, and amendment thereto, were overruled. From this part of the judge's ruling the defendants appeal.

We will consider that part of the court's ruling which sustained the motion on the ground that it was not brought by the proper party. In this holding the plaintiff alleges that the court erred. The defendants reply by denying any such error and allege that a violation of sections 8412 to 8416, inclusive, of the Code, can, under sections 8417 and 8418, only be questioned by the attorney general of the state. These sections are as follows:

"8417 Cancellation of stock—reimbursement. The capital stock of any corporation issued in violation of the terms and provisions of sections 8412 to 8416, inclusive, shall be void, and in a suit brought by the attorney general on behalf of the state in any court having jurisdiction, a decree of cancellation shall be entered; and if the corporation has received any money or thing of value for the said stock, such money or thing of value shall be returned to the individual, firm, company, or corporation from whom it was received, and if represented by labor or other service of intangible nature, the value thereof shall constitute a claim against the corporation issuing stock in exchange therefor.

"8418 Dissolution—distribution of assets. Any corporation violating the provisions of sections 8412 to 8416, inclusive, shall, upon the application of. the attorney general, in behalf of the state, made to any court of competent jurisdiction, be dissolved, its affairs wound up, and its assets distributed among the stockholders other than those who have received the stock so unlawfully issued."

Defendants urge that under the provisions of sections 8417 and 8418 no one can bring an action of this kind except the attorney general of the state for violations of the provisions of sections 8412 to 8416, inclusive. In its original ruling on the motion to strike, which ruling is adopted in the motion to dismiss, the court cites the case of the State ex rel. Weede v. Iowa Southern Utilities Co., 231 Iowa 784, 805, 2 N. W. 2d 372, 384, 4 N. W. 2d 869, wherein it is said:

"What happens to a domestic corporation when it violates the provisions of sections 8412 to 8416? The answer is found in sections 8417, 8418 and 8419, which in substance provide that the stock so issued shall be void, and cancelled on suit by the attorney general, and the purchase price returned to the buyer, the corporation dissolved, its affairs wound up and its assets distributed among the stockholders 'other than those who have received the stock so unlawfully issued,' (italics ours) and the guilty officers heavily fined and imprisoned."

There was a dissent in that case, but the dissenting opinion holds to the same rule, page 848 of 231 Iowa, page 406 of 2 N. W. 2d, wherein it is said:

"If section 8417 controls as to the remedy herein sought, then the decree should be affirmed because this action is not brought by the attorney general."

It will be remembered that the Utilities case was held to be governed by sections 8437 and 8438, relating to foreign corporations and permitting the action to be brought by other than the attorney general, while the case at bar is governed by sections 8412 to 8416, inclusive, and that the relief sought

is by reason of the alleged violation of these sections of the Code.

Defendants in their brief cite Platner v. Kirby, 138 Iowa 259, 115 N. W. 1032, in support of the proposition that only an attorney general can bring a suit of this nature. The case cited was an action by plaintiff, as stockholder, to have the company dissolved, its business closed up, and a receiver appointed. The district court found for the plaintiff, but on appeal the case was reversed, one of the grounds for such reversal being that the action must be brought by the attorney general. The suit was brought under Code of 1897, section 1640, now section 8402 of the Code of 1939. The language of section 8402 provided that an action for dissolution *may* be instituted by the attorney general in the name of the state, reserving to the stockholders and creditors all rights now possessed by them. (Italics ours.)

It will be noted that section 8418 provides that for a violation of sections 8412 to 8416, inclusive, a corporation shall be dissolved *upon the application of the attorney general,* thus making the requirements of sections 8417 and 8418 stronger than in section 8402. (Italics ours.)

In 44 Am. Jur. 146, section 77, the general rule is stated:

"In considering the right of a private relator to institute proceedings in quo warranto, it is necessary to note the distinction observed in many jurisdictions between actions brought for the determination of the title to an office, either public or corporate, and those brought against a corporation. This distinction is found in the Statute of Anne, which contemplated proceedings at the instance of a private relator only against individuals usurping offices or franchises in corporations, and not against the corporation itself as a body. A proceeding against the corporation itself was required to be in the name of the attorney general as relator and on behalf of the Crown, and unless otherwise provided by statute, it is still the rule that the exercise of a corporate franchise can be called in question only at the instance and on behalf of the state, through its proper officer, and cannot be prosecuted by a private individual. In some states this rule is expressly established by statute."

The section cited also states that such proceedings are peculiarly public in their nature:

"They cannot be brought to redress private grievances, and it is exclusively for the legal officer of the state to determine when public interests require them to be instituted. He cannot maintain the action for the purpose of vindicating private rights or remedying private grievances. And so it is not enough that a petition in quo warranto brought by a private relator is indorsed with the approval of the attorney general. It must be presented and prosecuted by the attorney general on behalf of the state."

This undoubtedly is the general rule except where modified by the statute.

In the case of Sherman v. Smith, 185 Iowa 654, 656, 169 N. W. 216, 218, a suit upon a promissory note alleged to be void for violation of the corporation laws by making false certificate, the court said:

"We are of opinion that, when the statutes are read together, as they should be, it was not the legislative intention to make stock issued under the conditions at bar ipso facto void, but to make violations of this chapter a cause for having the stock cancelled at the *suit of the attorney general* * * *." (Italics ours.)

An early case in which the question of the right to institute a suit in quo warranto was considered was State ex rel. White v. Barker, 116 Iowa 96, 99, 89 N. W. 204, 205, 57 L. R. A. 244, 93 Am. St. Rep. 222, which involved the question of the appointment of waterworks trustees by the district court. The action was brought by a private relator to test the right of the court to appoint. It was held that there was no such right, but the opinion expresses doubt as to other questions, saying "or if it had been an action to dissolve the corporation, perhaps he could not have maintained the suit."

Defendants quote from Botany Worsted Mills v. United States, 278 U. S. 282, 289, 49 S. Ct. 129, 132, 73 L. Ed. 379, 385:

"When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode."

We are of the opinion that this rule may well apply to the manner in which a suit of the nature we are considering must be instituted; that for the purpose of dissolution of a corporation under sections 8417 and 8418, the action should properly be brought by the attorney general. See, also, State ex rel. Mullan v. Syndicate Land Co., 142 Iowa 22, 120 N. W. 327, citing Platner v. Kirby, supra.

Some of our more recent cases may be considered in relation to the proposition suggested herein. In the case of State v. Winneshiek Co-Operative Burial Assn., 234 Iowa 1196, 15 N. W. 2d 367, the principal question determined was whether, under Rules 299 and 300, Iowa Rules of Civil Procedure, the action was properly brought in the name of the state by the attorney general, upon the demand of the assistant attorney general, it being held that since the latter was a citizen of the state he was qualified to make the demand. This conclusion rendered it unnecessary to consider appellee's contention that the attorney general of the state had power to bring the action, in addition to that granted by Rule 300, and without demand upon the county attorney. The question of whether any other statute governed the institution of the suit, other than Rule 300, was neither raised nor considered, but in the concurring opinion by Justice Smith the distinction was recognized between the statute involved and the general statute. In that case the attorney general did bring the action, thus not only conforming to the rule prescribed by the general statute, Rule 300, but also to the special statutes which we are now considering, sections 8412 to 8418, inclusive, Code of 1939.

It may be proper here to consider that the adoption of the Rules of Civil Procedure, while it substituted Rule 300 for the statutes as to quo warranto, chapter 531, section 12417 et seq., did not repeal or otherwise affect the statute as found in sections 8412 to 8418, inclusive. (See Appendix to Rules, column 1, statutes of no further force and effect.) It may be noted further that chapter 385, in which these Code sections are found, relates only to capital stock and violations of law

in relation thereto. Therefore, the penalties prescribed in such chapter 385 remain unchanged and are applicable to violations of law forbidden in such chapter.

The case of State v. Winneshiek Co-Operative Burial Assn., supra, in no way conflicts with our holding here in relation to the officer who shall bring the proceeding for ouster, or cancellation of stock.

Another recent case, O'Connor v. Home Savings & Loan Assn., 224 Iowa 1127, 278 N. W. 636, involved the provisions of section 9329 of the Code relating to building and loan associations. It was sought to apply section 9362, the provisions in the building and loan statute, for a proceeding in quo warranto in the appointment of a receiver. Section 9362 provides that in case of violation of the articles of incorporation or bylaws of the association, or pursuing a plan of business injurious to the interests of the members, or its affairs are in an unsafe condition, the auditor of state shall notify the directors thereof, and, if they shall fail to put its affairs upon a safe basis, he shall advise the attorney general thereof, who shall take the necessary steps to wind up its affairs in the manner provided by law. Defendants contended that this statute provided the exclusive method of procedure for the correction of illegal and improper acts of a corporation, but this court found that the acts complained of did not adversely affect the financial condition of the association, and were not grounds for dissolution under the provisions of the section, and the statute did not repose in the auditor of state the authority to determine the merits between the stockholder and a corporation growing out of a breach of contract, but did hold that the statute, section 9362, applies to a suit to liquidate the defendant corporation, since the purpose of section 9362 is to provide an exclusive method of procedure for the dissolution of a building and loan association and its liquidation by statutory proceeding, and the shareholders are precluded from instituting an action for dissolution of the corporation, and the court held that the statutory method of procedure is exclusive so far as the violation of the laws governing building and loan associations is concerned.

As applied to the case at bar, for violations of the law found in chapter 385, we would hold that the manner of institution of the suit is exclusive as provided in that chapter.

We are satisfied that our holding that the suit must be instituted by the attorney general follows the rule of prior cases and expresses the intent of the general assembly in requiring a matter of such great importance to the corporate existence of any corporation and of such public interest to be brought by the state itself through its attorney general, and not at the insistence of any private relator who may feel aggrieved at some action of the corporation so that he may, for any reason, attempt to work a dissolution. When demand was made that the county attorney of Lee county institute this proceeding he refused, and we hold that he was right.

Other alleged errors of the court on its ruling on the motion to dismiss were assigned and argued by the plaintiff. Defendants also gave notice of appeal from the court's ruling on the motion to dismiss as to matters adverse to them. In their argument that the motion to dismiss was entitled to be sustained they assailed certain parts of the ruling of the district court. Since we hold that the action must have been instituted and prosecuted by the attorney general it is unnecessary to rule upon these other questions raised by the parties.

Our holding, then, must be, as previously indicated, that the action was wrongly brought in the name of the state by a private relator and that as so brought, under the allegations made in the petition, the remedy sought would not be available in this proceeding.

There is no claim of insolvency of the corporation or that it or its stockholders have been injured in any way by the alleged actions of such corporation or the original stockholders thereof. The record does not show any charge of mismanagement nor any claim that the corporation business is not successful. Nor is there any showing nor any claim asserted that the plaintiff or any other person has suffered any consequential loss or that the public interests have suffered thereby.

Holding as we do, we find no error in the court's ruling and the case is therefore affirmed.—Affirmed.

BLISS, C. J., and OLIVER, MILLER, GARFIELD, SMITH, MANTZ, and MULRONEY, JJ., concur.

WENNERSTRUM, J., not sitting.