STATE OF IOWA ex rel. WALTER F. MALEY, Appellee, v. CIVIC ACTION COMMITTEE et al., Appellants.

No. 47040.

852

JULY 29, 1947.

Bump & Bump, of Des Moines, for appellants.

Walter F. Maley, relator, pro se, and Welch & Welch, of Logan, for appellee.

GARFIELD, J.—On July 12, 1945, B. J. Powers, Paul W. Walters, and Chester L. Morain, as incorporators, filed with the secretary of state articles of incorporation of the Civic Action Committee and a certificate was issued authorizing it to transact business as a corporation not for profit under chapter

394, Code, 1939 (chapter 504, Code, 1946). On August 6, 1945, this action was commenced under Rules 299, 300 (all references to Rules are to Iowa Rules of Civil Procedure), in the name of the State of Iowa, upon the relation of a private individual, Walter F. Maley, to test the legality of the corporation's existence. Pursuant to Rule 299, trial was "by equitable proceedings." The district court held the character of the corporation was not such as was authorized by section 8582, Code, 1939 (section 504.1, Code, 1946), dissolved the corporation, and prohibited its officers from acting as such. The corporation and its officers have appealed.

■ I. At the outset, defendants contend the attorney general is the only one who may bring this action. We do not agree. The matter of who may bring this action is governed by Rule 300, which provides:

"(a) The county attorney of the county where the action lies may bring it in his discretion, and must do so when directed by the governor, general assembly or the supreme or district court * * *

"(b) If on demand of any citizen of the state, the county attorney fails to bring the action, the attorney general may do so, or such citizen may apply to the court where the action lies for leave to bring it. On leave so granted, and after filing bond for costs in an amount fixed by the court, with sureties approved by the clerk, the citizen may bring the action and prosecute it to completion."

It is conceded Walter F. Maley is a citizen of the state, a lawyer in Des Moines, where defendant corporation has its principal place of business and its three incorporators, who are also its officers and trustees, live. It is admitted Maley made demand on the county attorney of Polk county, in which Des Moines is situated, to bring the action and he refused. The attorney general likewise refused. Maley then applied to the district court of Polk county for leave to bring the action. Such leave was granted and Maley filed bond for costs in an amount fixed by the court, with sureties approved by the clerk.

Under the plain provisions of Rule 300, Maley was entitled to bring the action and prosecute it to completion.

Our conclusion finds support in the provision of Rule 304(b): "If the action fails, the court may adjudge the costs against any private individual who brought it * * *."

Rule 300 supersedes sections 12419, 12420, Code, 1939, which were quite similar to the Rule. Section 12420 authorized "any citizen of the state having an interest in the question" to bring the action upon obtaining leave of court or a judge thereof, following demand on, and neglect or refusal of, the county attorney to act. We have held this statutory provision authorized private individuals to bring such an action as this to test the corporate right of street railways to operate in a city. State v. Des Moines City Railway, 135 Iowa 694, 715, 716, 109 N. W. 867. Also that a private relator might bring such a proceeding to test the legality of the incorporation of a school district. State ex rel. Harmis v. Alexander, 129 Iowa 538, 540, 105 N. W. 1021. And that a private individual might maintain such an action to test the right of a city to exercise corporate authority over territory added to it by legislative act. State ex rel. West v. City of Des Moines, 96 Iowa 521, 525, 65 N. W. 818, 31 L. R. A. 186, 59 Am. St. Rep. 381.

Defendants suggested in oral argument that Rule 300(b) permits an action in the nature of quo warranto by a private relator only where the right to a public office is involved, under Rule 299(b), and not to determine the questions at issue here, under Rule 299(a), (c), (d), and (e). Statutes in some states, like the ancient statute 9 Anne (1710), chapter 20, make some such distinction as defendants suggest. 44 Am. Jur., Quo Warranto, section 77. But Rule 300 does not. It does not limit the right of a private relator in bringing such an action to cases where a public office is involved. Nothing in the rule lends support to defendants' argument.

The statutory provision which Rule 300 supersedes at one time made such a distinction as defendants ask us to read into the present rule. Section 3735, Revision of 1860, provided:

"If the district attorney, on demand, neglect or refuse to file an information, any citizen of the state *claiming any public office which is usurped or unlawfully exercised by another,* may do so, and he may prosecute the same in his own name, to final judgment in all other respects as provided herein." (Italics supplied.)

However, in section 3348, Code of 1873, the words we have italicized were omitted and the statute appeared substantially as found in section 12420, Code, 1939, heretofore summarized, which Rule 300 directly supersedes. No principle of statutory construction permits us to limit Rule 300 to correspond substantially to section 3735, Revision of 1860, which the legislature changed.

Our conclusion does not conflict with our decision in State ex rel. Hutt v. Anthes Force Oiler Co., 237 Iowa 722, 22 N. W. 2d 324, upon which defendants rely. That was a suit to cancel shares of stock and dissolve a corporation organized for profit principally because of claimed violations of sections 8412 to 8416, Code, 1939 (sections 492.5 to 492.9, Code, 1946). We held the remedy provided by sections 8417, 8418, Code, 1939 (sections 492.10, 492.11, Code, 1946) for such claimed violations, viz., a suit by the attorney general in the name of the state, was exclusive. The special statutory provisions we held were controlling in the Anthes case have no application to the present controversy which is governed by Rules 299, 300.

We may add that we in effect held in State v. Winneshiek Co-Op. Burial Assn., 234 Iowa 1196, 15 N. W. 2d 367, that Rule 300 should not be given a narrow and technical construction and, in the concurring opinion of Justice Smith, joined in by six other justices, observed that a private citizen may under the Rule act as relator, by leave of court and upon furnishing security for costs. The question upon which Justice Bliss dissented in the Winneshiek Co-Op. case is not raised here.

See, also, as bearing on this question, State ex rel. Weede v. Iowa Southern Util. Co., 231 Iowa 784, 815, 2 N. W. 2d 372, 389, where we held a private relator might bring suit under section 8438, Code, 1939 (section 495.6, Code, 1946) against a foreign public utility corporation.

II. Upon the merits, the controlling question is whether defendant corporation was organized for a purpose contemplated by the statutes governing nonprofit corporations. The nature and purpose of the corporation are thus stated in the articles:

"\* \* \* to promote, obtain and maintain honest city, county and state government, and among the items of business to be transacted by it, but not excluding others, shall be the following:

"1. To aid in the creation of public confidence in all honest and efficient city, county or state public officials.

"2. To see that due and proper public recognition is given to efficient and honest enforcement of the laws of the State of Iowa.

"3. To investigate allegations of dishonesty in public office and to collect evidence concerning the same; to investigate and collect evidence of alleged pay-offs; to offer rewards for information leading to the arrest and conviction of persons either offering pay-offs, or accepting pay-offs, or granting or promising protection to persons engaged in illegal activities. To sue and be sued.

"4. To gather and disseminate information among the members of the corporation and others as to the activities of law enforcing officers.

"5. To solicit funds for the carrying on of its activities and to disburse the same in furthering the above purposes."

Section 8582, Code, 1939 (section 504.1, Code, 1946) states:

"Except as may be otherwise specifically provided in this chapter, any three or more persons of full age, a majority of whom shall be citizens of the state, may incorporate themselves for the establishment of churches, colleges, seminaries, lyceums, libraries, fraternal lodges or societies, temperance societies, trades unions or other labor organizations, commercial clubs, associations of business men, agricultural societies, farmers granges, or organizations of a benevolent, charitable, scientific,

*political*, athletic, military, or religious *character."* (Italics supplied.)

■ Defendant corporation contends and we hold it is a corporation of a political character within the contemplation of this statute.

"Political" is a word of broad meaning. Webster's New International Dictionary, Second Edition, defines it as:

"1. Of or pertaining to * * * the conduct of government * * * of or pertaining to, or incidental to, the exercise of the functions vested in those charged with the conduct of government; relating to the management of affairs of state; as *political* theories. * * *

"3. Of or pertaining to the exercise of the rights and privileges or the influence by which the individuals of a state seek to determine or control its public policy; having to do with the organization or action of individuals, parties, or interests that seek to control the appointment or action of those who manage the affairs of a state."

One of the most widely used definitions of "political" appears in 49 C. J. 1073, section 1, taken from Bouvier: "pertaining to policy, or the administration of the government." .

Fisher v. Masters, 59 Idaho 366, 377, 83 P. 2d 212, 217, involves the validity of a statute for nonpartisan election of judges. The opinion explains the meaning of "political" as there used by saying it "has no reference to partisanship or political parties but rather to the control, management and operation of government. 'Belonging to the science of government; treating of polity or politics; as *political* principles. Having an organized system of government; administering a polity; as a fully developed *political* community.' (Funk & Wagnalls New Stand. Dict.) 'Relating to the management of the affairs of state; as political theories.' (Webster's New Internat. Dict.)."

Norton v. Letton, 271 Ky. 353, 360, 111 S. W. 2d 1053, 1057, holds an election of school directors is a political election. The opinion quotes in full Webster's definition of "political"

and approves a statement by the Arizona court that the education of children is one of the highest *political* functions of a state and a New Jersey holding that school districts are *political* organizations.

Lockheed Aircraft Corp. v. Superior Court, 28 Cal. 2d 481, 485, 171 P. 2d 21, 24, construes a statute which forbids employers from controlling the political activities or affiliations of their employees. The opinion observes, ''the words, '.politics' and 'political' imply orderly conduct of government, not revolution.''

People ex rel. Dunham v. Morgan, 90 Ill. 558, 562, 563, involves the validity of a statute authorizing a judge to appoint park commissioners. It was contended this was a political power which judges could not exercise because of the provision of the state constitution on separation of powers. We quote from the opinion:

''It was, no doubt, the exercise of political power, as that embraces all governmental powers and functions, whether exercised by one department or another, or the officers of one or the other. * * *

''The elector who votes for an officer or measure exercises political power.''

In United States Standard Voting Mach. Co. v. Hobson, 132 Iowa 38, 44, 109 N. W. 458, 7 L. R. A., N.S., 512, 119 Am. St. Rep. 539, 10 Ann. Cas. 972, we say the right to vote is a political right.

So far as shown, defendant corporation was formed, as stated in its articles, ''to promote, obtain and maintain honest city, county and state government.'' A corporation organized for such purpose seems to us to be of a ''political'' character. The trial court found, and properly so, the corporation was not formed for pecuniary profit. Eleven days after the charter was obtained, the members determined that no officer should draw any compensation.

■ Relator suggests the officers of the corporation may resort to various forms of improper and illegal conduct. He

professes to fear especially malicious prosecutions and defamation of character. Such fears seem to be unfounded. At least, there is no evidence of illegal conduct by defendant corporation nor that any is contemplated. The trial court found the three incorporators—officers—trustees, who are the only members of the corporation, are of high intellectual and moral attainment, unquestioned integrity, and their motives and purposes are laudable and lofty in character. There is no evidence to the contrary. Relator's suspicions are, of course, insufficient basis for the relief sought.

 It is argued the corporation was formed in order to exempt its members from liability for such misconduct as malicious prosecution and libel. The trial court apparently was impressed with the argument although such conclusion seems inconsistent with the finding just referred to. There is no evidence to justify this argument. Further, officers or agents of a corporation who participate in such wrongful conduct as abuse of process or defamation are personally liable for the resultant injury to the same extent as if they had acted in their own behalf. 13 Am. Jur., Corporations, section 1086; id. section 1096; 2 Am. Jur., Agency, section 326; 19 C. J. S., Corporations, section 845; id. section 851; 3 C. J. S., Agency, section 220; annotations 20 A. L. R. 97, 116, 117, 99 A. L. R. 408, 414, 415; Stambaugh v. Haffa, 217 Iowa 1161, 1163, 253 N. W. 137, and authorities cited.

Relator alleges in his petition and argues here that defendant corporation is illegally engaged in the practice of law and was formed for that purpose. Of course, a corporation cannot practice law. Annotations 73 A. L. R. 1327, 105 A. L. R. 1364. The trial court found the corporation was not organized for such purpose and there was no intention to practice law as a corporation. Relator has wholly failed to sustain this charge.

"Every essential fact to establish the right to the relief demanded must be proved * * *." State v. Des Moines City Railway, 135 Iowa 694, 714, 109 N. W. 867, 875.

Relator also argues in effect the corporation will violate section 491.69, Code, 1946 (section 8405, Code, 1939), which makes it unlawful for any corporation doing business within the state or any officer, agent, or representative thereof to contribute money or other thing of value to any political committee or party or to any candidate for public office for campaign expenses or for any political purpose, or to any person for the purpose of influencing the vote of any elector or to any public officer for the purpose of influencing his official action.

This statute is part of chapter 491, Code, 1946, relating to corporations for profit. It is doubtful if it has any application to a nonprofit corporation. It is also to be doubted, to say the least, that a violation thereof would afford cause for dissolution of the offending corporation in view of the penalties provided by section 491.71, Code, 1946 (section 8407, Code, 1939). In any event, however, defendant corporation's articles do not authorize it to violate section 491.69 and there is no evidence of any such violation, actual or intended.

■ ■ In reaching our decision on the merits we think it proper to give some consideration to certain established principles of quo warranto, even though the action authorized by Rules 299 ff. is not strictly of that kind. Quo warranto can ordinarily be invoked only where the act complained of does injury to the public and not for the redress of mere private grievances or the vindication of private rights. Accordingly, where forfeiture of a corporate charter is sought, it must appear that interests of the public require such action. 44 Am. Jur., Quo Warranto, section 18. In view of the seriousness of the forfeiture of a corporate charter, courts proceed with caution where such relief is asked. 44 Am. Jur., Quo Warranto, sections 44, 45.—Reversed.

OLIVER, C. J., and BLISS, HALE, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.