In the matter of the proposed listing, assessment and col- lecting of taxes by the treasurer of Woodbury County upon the FARMERS' LOAN & TRUST COMPANY. WOOD- BURY COUNTY and D. B. SHONTZ, Appellants.

**Taxation:** OMITTED PROPERTY: REFUSAL TO ASSESS: APPEAL. The
1 county is not a party to a proceeding to assess omitted prop- erty, and cannot maintain an appeal from the action of the treasurer or auditor in refusing to make an assessment.

**Same.** Where the contract between a county and a tax collector
2 provided that no suit should be brought by the collector for the collection of taxes on omitted property without the advice

and consent of the taxing officers, a subsequent resolution of the county board authorizing him in the name of the county to bring any suit necessary to collect amounts due, did not so modify the contract as to empower him or his attorney to appeal from the action of the taxing officers in refusing to make an assessment.

*Appeal from Woodbury District Court.*— HON. WILLIAM HUTCHINSON, Judge.

FRIDAY, FEBRUARY 9, 1906.

In January, 1904, proceedings were instituted by the county treasurer and the county auditor to assess the corporate shares of stock of the Farmers' Loan & Trust Company, valued at $600,000, for the years 1889 to 1903, inclusive, as property which had been omitted or withheld from assessment during all of said years. In April, 1904, the matter came on for hearing, and said officers refused to list or assess said stock to the company. Thereupon what purported to be a notice of appeal, signed, " Woodbury county, state of Iowa, and D. B. Shontz, by their attorney, Ben McCoy," was directed to, and served upon, the treasurer and auditor, notifying them to appear in the district court. On a hearing of this pretended appeal in the district court, it was dismissed, and this ruling was excepted to by Woodbury county and said Shontz, and they appeal therefrom to this court.— *Affirmed.*

*U. G. Whitney* and *Ben McCoy,* for appellants Woodbury county and D. B. Shontz.

*Wright & Call* and *Kennedy & Bolan,* for appellee, the Farmers' Loan & Trust Company.

McCLAIN, C. J.— Under Code, section 1373, we have held that no appeal can be taken to the district court from an action of the assessing tribunal refusing to make an as-

sessment. *Farmers' Loan & Trust Co. v. Fonda,* 114 Iowa, 728; *Farmers' Loan & Trust Co. v. Newton,* 97 Iowa, 502.

Counsel for appellants contend that this rule has been changed by subsequent statutory provisions found in Code Supp. 1902, sections 1385b, 1385c, and 1407a; but we find nothing in the language of these sections indicating any legislative intention that the district court may be asked on appeal to make an assessment of omitted property when the treasurer or auditor, after due notice and hearing, has refused to make such assessment. The proceeding to make such an assessment is instituted before the official himself, and we cannot very well see how he could appeal from his own action. The county is not a party in any way to the proceeding, and has no such standing in the case as made before the treasurer or auditor as to authorize it to appeal.

1. TAXATION: omitted property: refusal to assess: appeal.

More than that, the county has never authorized any appeal in this case from the action of its taxing officers to the district court, unless it has done so by contract entered into between it and D. B. Shontz in 1902, by which said Shontz was employed, authorized, and directed to assist the officers of the county in the discovery of property not listed and assessed for taxation, as required by law, under which contract Shontz was to have a percentage of the amount collected on property which he assisted the officers of the county in discovering. In this contract it is provided that " no suit shall be commenced for the purpose of collecting taxes on omitted property without the advice and consent of the proper officials " of said county. In 1903 the board of supervisors passed a resolution referring to this contract in which Shontz is authorized and directed " to bring any and all suits in the name of Woodbury county, Iowa, that may be necessary to enforce the collection of the amounts due " as taxes upon the property discovered by him which had not been listed and assessed as required by law. But we think there was no

2. SAME.

intention by this resolution to change the provisions of the contract requiring that such suits should not be commenced without the advice and consent of proper officials of the county, and as it does not appear that any appeal from the refusal of the treasurer and auditor to make an assessment against the Farmers' Loan & Trust Company was authorized by the board of supervisors or by the proper county officials we cannot see how Shontz had any right, either in the name of the county or in his own name, to prosecute such appeal to the district court. What purported to be the notice of such attempted appeal was signed by McCoy, as representing the county, and Shontz, but on the hearing in the district court it was made to appear that McCoy had no authority to represent the county unless as attorney for Shontz and by virtue of the contract and resolution above referred to. As we reach the conclusion that the contract and resolution did not in themselves authorize Shontz to prosecute such appeal, he could not authorize his attorney to represent the county in taking it.

The action of the trial court in dismissing the appeal from the refusal of the county officers to make an assessment is therefore *affirmed*.