LOREN HAMPTON, Appellant, v. DES MOINES & CENTRAL IOWA. RAILROAD COMPANY, Appellee.

No. 41990.

NOVEMBER 14, 1933.

Davis, Michel, Yaeger & McGinley, and James E. O'Brien, for appellant.

Corwin R. Bennett, for appellee.

STEVENS, J.—This appeal is from the finding and decision of the industrial commissioner in a controversy between Loren Hampton, an employee of the Des Moines & Central Iowa Railroad Company, and said company. Being unable to agree upon compensation under the Workmen's Compensation Law following the com-

mencement of an action by Hampton in the United States District Court for the Southern District of Iowa against the appellee Des Moines & Central Iowa Railroad Company, on September 12, 1932, a petition was filed with the industrial commissioner for arbitration, and a few days later appellant, an employee, appeared before the commissioner and filed objections to the consideration of, or hearing on, the petition for arbitration. The principal ground of the objections filed was that, for reasons therein stated, not at this time material, the industrial commissioner did not have jurisdiction of the subject-matter of the controversy. No arbitrator was named by the employee. Thereupon, the employer withdrew the name of the arbitrator previously designated by it, and the matter was, upon a date fixed, submitted to the industrial commissioner upon an agreed statement of facts, together with certain documentary evidence to which no objection was interposed by the employee. In due time the commissioner, acting in his capacity as arbitrator, filed his finding in writing, and made an award of compensation to the employee. Later, the employee gave notice of appeal from the finding and award of the commissioner to the district court. The employer appeared in the district court and filed a motion to dismiss the appeal upon the grounds that the decision of the industrial commissioner was in arbitration; that no petition for review was filed, and that the law does not authorize an appeal to be taken directly from the finding and award of the board of arbitration or from the commissioner sitting as such arbitrator. The motion to dismiss the appeal was, upon submission, sustained. This ruling presents the only question before the court on this appeal. It is, essentially, one of statutory interpretation.

It is provided by section 1437 of the Code of 1931 that, if the employer and the injured employee are unable to agree upon the compensation to be paid, either party may file a petition with the industrial commissioner asking that a board of arbitration be organized. Upon the filing of such petition, it is made the duty of the industrial commissioner to notify the parties in writing to designate their respective members of such board. It is further provided by section 1438 that, if either party fails to appoint an arbitrator by the time fixed in the notice of the commissioner, such party shall be deemed to have waived the right to appoint an arbitrator, and the hearing shall proceed without such appointment. Section 1438, in part, provides:

"Parties may, in writing filed with the commissioner, waive the appointment of arbitrators and in such case the hearing shall proceed before the commissioner or his deputy with the same force and effect as if tried before a board with respective representatives."

The finding of the arbitration board, with a statement or certificate of the evidence submitted before it, shall be filed with the industrial commissioner.

Any party aggrieved by the decisions or findings of a board of arbitration may, within ten days after such decision is filed with the industrial commissioner, file in his office a petition for review. When such petition for review is filed, it becomes the duty of the industrial commissioner to fix a time for hearing and to notify the parties. Section 1447, Code of 1931.

Any person aggrieved by any decision or order of the industrial commissioner in the proceeding on review may, within thirty days from the date of such decision or order, appeal therefrom to the district court of the county in which the injury occurred. Section 1449, Code of 1931.

Particular observance of two specific provisions of the statute is essential at this point: First, that, when the appointment of arbitrators is waived by one or both parties, the hearing shall proceed before the commissioner, or his deputy, " with the same force and effect as if tried before a board with respective representatives." It is urged by appellant that the hearing before the industrial commissioner was in this case to all intents and purposes identical with a hearing before him on review, if such had been had. Had the legislature seen fit, it might have provided that, in such case, the finding and decision of the industrial commissioner shall be with the same force and effect as a finding and decision on review. The legislature has not, however, so provided. The right of review by the industrial commissioner of a decision and award by a board of arbitration is an important and valuable provision of the Workmen's Compensation Law. It may appear somewhat crude that the industrial commissioner may, himself, sit in review of a decision previously made by him, but, upon such review, further evidence may be introduced by the respective parties. The review by the industrial commissioner is therefore not necessarily of the same record as that upon which his conclusion was reached on arbitration. The statute makes no provision for appeal to the district

court either from the finding and award of a board of arbitration or from the finding and award of the commissioner sitting as arbitrator. On the contrary, the statute already quoted provides specifically that the finding and decision of the commissioner, when sitting as an arbitrator, shall have the same force and effect as the finding and decision of a board of arbitration composed of the industrial commissioner, or his deputy, and arbitrators appointed by the respective parties. The only appeal authorized by the statute is from the finding and decision of the commissioner in a proceeding on review. No petition for review was filed in this case or hearing on review had before the industrial commissioner. No appeal from the finding and decision of an inferior tribunal will lie unless authorized by statute and, when allowed, the procedure prescribed must be strictly followed. Savings & Trust Co. v. Polk District Court, 121 Iowa 1, 95 N. W. 522; Midwestern Realty Co. v. City of Des Moines, 210 Iowa 942, 231 N. W. 459. The procedure prescribed by the legislature was not followed in this case, and the court below properly sustained the motion to dismiss the appeal.— Affirmed.

ALBERT, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.