SANFORD MANUFACTURING COMPANY, Appellee, v. WESTERN MUTUAL FIRE INSURANCE COMPANY, Appellant.

No. 44137.

DECEMBER 13, 1938.

Kern & Faville, for appellant.

Stipp, Perry, Bannister & Starzinger, for appellee.

DONEGAN, J.—During the times here involved, Fred A. Hermann was doing business as the Motor Freight Terminal of Des Moines, Iowa, and, as such, was engaged in receiving, storing, and forwarding goods and merchandise. As owner and operator of such Motor Freight Terminal, he held two policies of fire insurance against loss or damage to goods and merchandise of every kind while stored in the warehouse of said Motor Freight Terminal. On July 15, 1936, a shipment of ink belonging to Sanford Manufacturing Company, which had been delivered to and stored in the warehouse of the Motor Freight Terminal, was destroyed by fire. On June 10, 1937, Sanford Manufacturing Company instituted the instant action against the insurer, Western Mutual Fire Insurance Company, to recover the value of the property thus destroyed.

The petition filed by plaintiff was in two counts. Count I, after stating the facts above set out and describing the building used as a warehouse, alleged that the fire and destruction of plaintiff's property were caused by the negligence of Fred A. Hermann, doing business as Motor Freight Terminal, set out several specific grounds of negligence on the part of said Hermann, and alleged plaintiff's freedom from contributory negligence. Count I also alleged the issuance and existence of the fire insurance policies and that said policies contained the following provision:

"The Policy is hereby amended and extended to provide that any person, firm, association or corporation having a right of action under the policy against the assured may, when service cannot be obtained on said assured within the state of Iowa, bring action for recovery directly upon such policy and against the insurer that issued such policy."

Count I further alleged that plaintiff had been unable to obtain service on Fred A. Hermann, the assured, within the state of Iowa, and asked judgment for the reasonable value of the property destroyed. In Count II of the petition, all allegations as to the negligence of Fred A. Hermann, and freedom of plaintiff from contributory negligence were omitted, and no

reference was made to the provision of the policies set out in Count I, authorizing action directly against the insurer when service could not be obtained on the assured within this state. The other allegations of Count I were made part of Count II, by reference, and, in addition, it was alleged that the policies were valid and in full force on July 15, 1936, and insured against loss by fire "merchandise of all kinds, property of assured and for which assured may be legally liable while contained in the one story, composition roof, frame building, located at 400 S. W. 5th Street or within 50 feet (50') thereof, occupied as Truck Depot, Des Moines, Iowa." Count II further alleged that the Motor Freight Terminal was legally liable for the goods of plaintiff stored in its warehouse, and that such goods were destroyed by fire while stored in such warehouse, and asked judgment for the value thereof.

It will be noted that this action was brought against the insurer, Western Mutual Fire Insurance Company, only, and that Fred A. Hermann, doing business as Motor Freight Terminal, is not a party. The original notice was served personally on the defendant, Western Mutual Fire Insurance Company, on the first day of May, 1937. On the third day of July, 1937, the defendant filed a special appearance and motion to dismiss, supported by affidavits. The grounds of this motion were, in substance, that Fred A. Hermann, doing business as Motor Freight Terminal of Des Moines, Iowa, was at all times a resident of the State of Iowa; that, with the exception of the period from March 29 to May 10, 1937, during which he and his family were out of the state on a vacation trip, personal service could have been made upon him in the city of Des Moines; that the plaintiff's attorneys were apprised of these facts by defendant's attorneys and assured that, when said Hermann returned, defendant's attorneys would either present him for service or have service accepted by him. Other grounds of the special appearance and motion to dismiss go to the proposition that the provision in the insurance policies in regard to bringing suit directly against the insurer, when service cannot be obtained upon the assured within the state of Iowa, is applicable only where the assured is a motor carrier and, as such, subject to the rules and regulations of the Board of Railroad Commissioners of the state of Iowa; that, under the statutes and laws of this state, Fred A. Hermann, doing business as Motor Freight Terminal of Des

Moines, Iowa, was neither a common carrier nor a motor carrier, and was not subject to the rules and regulations adopted and promulgated by the Iowa Board of Railroad Commissioners; and that the provision of the insurance policies, authorizing the bringing of actions directly against the insurer, does not authorize the bringing of the instant action against defendant, and the court had no jurisdiction in this action. On hearing, defendant's special appearance and motion to dismiss were overruled and defendant was given fifteen days to plead or answer. From this order the defendant has appealed.

It will be noted that all of the grounds alleged by the defendant in support of its special appearance and motion to dismiss are directed to Count I of the petition, in which plaintiff sues the insurance company directly, because, as it alleges, service could not be made upon the assured within the state of Iowa. In appellant's brief and argument, all the grounds of error relied upon for reversal are likewise based upon the alleged fact that the assured was a resident of the state of Iowa and that service could have been made upon him in this state, and that there was, therefore, no authority for bringing the action against and making service on the insurance company; and also upon the legal proposition that Fred A. Hermann, doing business as Motor Freight Terminal, was not, under the statutes and laws of this state, subject to the rules and regulations of the Iowa Board of Railroad Commissioners, and the provision of the policies authorizing suit directly against and service of notice on the insured had no application in this case and the court had no jurisdiction. The brief and argument of the appellee calls attention to this situation and to the fact that no attack whatever is made, either in the special appearance and motion to dismiss or in the appellant's brief and argument, on the cause of action set out in the second count of the petition. Appellee contends that, as no question is raised as to the jurisdiction of the court to consider and determine the cause of action pleaded in the second count of the petition, and as it alleges a good cause of action, there could have been no error in the order of the trial court overruling the special appearance and motion to dismiss. In its reply brief and argument the appellant admits that neither the special appearance and motion to dismiss, nor the errors relied upon for reversal in this court, have questioned the court's jurisdiction as to the second count of the petition.

Appellee's position is that—the second count of its petition pleaded a cause of action based on contract; that the policies of insurance expressly provided that these policies insured "merchandise of all kinds, property of assured and for which assured may be legally liable," while in the warehouse of the Motor Freight Terminal; that these contracts of insurance were made not only for the benefit of the assured, but for the benefit of those whose property might be in the warehouse of the assured; and that they authorized the owners of such property to maintain suit against the insurance company for the loss or damage sustained by them to their property. Appellant, on the other hand, does not seem seriously to deny this contention. In its brief and argument appellant says:

"Certainly appellee has not pled its right of recovery with any great certainty, as we shall discuss later, but taking appellee's statement at its face, the cause of action stated in the second count would be one based upon contract. * * * The allegations of Count II of appellee's petition may be sufficient to state a cause of action against the defendant, which would at least give the trial court jurisdiction to hear the case; at least this is appellee's claim. This leaves us in a situation where the petition is subject to special appearance because of lack of jurisdiction as to one count, but may grant the court jurisdiction upon the second count. Under such an anomalous situation we frankly ask this court what should a defendant do?

Without presuming to suggest to the able counsel representing appellant what a defendant should do in such a situation, we may venture the suggestion that the statute authorizing a special appearance contemplates such an appearance to the entire action and not to a part of it only. Our present statute, section 11088, Code of 1935, is as follows:

"Any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court. Such special appearance shall be announced at the time it is made and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case."

This statute first appeared as a part of Chapter 162 of the Acts of the 34th General Assembly. Prior to that time any appearance, even though specially made, for any purpose con-

nected with the cause or for any purpose connected wrth the service or insufficiency of the notice, rendered further notice unnecessary, but might entitle the defendant to a continuance. The language of the statute itself indicates that the special appearance therein authorized is for the sole purpose of attacking the jurisdiction of the court. The jurisdiction that may be thus attacked is the jurisdiction of the court in the action in which the special appearance is made, and not the jurisdiction of the court as to a part or parts of such action. Where an action is such that the court has jurisdiction and requires a general appearance upon the part of a defendant, we do not think it was ever intended by the legislature that such defendant might try out the jurisdiction of the court as to a part or parts thereof by a special appearance. Neither the appellant nor appellee has cited any case involving the precise question here presented and, although we have made an exhaustive search, we have been unable to find any authority which seems to shed any light on this particular proposition.

█ It seems to be generally recognized that the purpose of a special appearance is to protect a defendant from being required to defend an action in which the court has no jurisdiction. The special appearance in this case could not accomplish that purpose. For this reason, as well as for the reason that, in our opinion, the statute does not authorize its application in this case, we hold it was properly overruled.

In view of the conclusion reached, we deem it unnecessary to consider the various arguments presented by the appellant in regard to the sufficiency of its special appearance and motion to dismiss, as against Count I of the petition.

The ruling of the trial court is, therefore, affirmed.—Affirmed.

SAGER, C. J., and MITCHELL, ANDERSON, KINTZINGER, HAMILTON, and RICHARDS, JJ., concur.