STATE OF IOWA ex rel. F. W. CAIRY et al., appellants, v. IOWA
CO-OPERATIVE ASSOCIATION, appellee.

No. 49078.

(Reported in 79 N.W.2d 775)

DECEMBER 11, 1956.

Gamble, Read, Howland, Gamble & Riepe, of Des Moines, for appellants.

James M. Stewart and Wisdom & Sullivan, all of Des Moines, for appellee.

OLIVER, J.—This is a quo warranto suit, brought in the name of the State on the relation of individual citizens, for the dissolution of defendant, Iowa Co-Operative Association, on the grounds its organization and operations under chapter 499, Code of Iowa 1950, 1954, were invalid. The petition asks, also, that the court adjudicate as invalid, under the Constitutions of Iowa and of the United States, Code section 499.53, which states: "Quo warranto. The right of an association to exist or continue under this chapter may be inquired into by the attorney general, but not otherwise. If from its annual report or otherwise, the secretary of state is informed that it is not functioning as a co-operative, he shall so notify the attorney general, who, if he finds reasonable cause so to believe, shall bring action to oust it and wind up its affairs."

Relators allege they are citizens, and are officers, directors, shareholders and employees of organizations in direct competition with defendant; that the attorney general of Iowa and the county attorney had been requested to bring such suit, but neither had done so. Following such alleged nonaction, the district court, by ex parte order, had granted an application by relators for leave to institute the suit, conditioned upon the filing of an approved bond for costs, which was done.

When the suit was instituted, defendant filed a special appearance, asserting that, under Code section 499.53, the quo warranto suit could be maintained by the attorney general, only, and that the relators had alleged no interest or right which would entitle them to question the constitutionality of section 499.53, or would give the court jurisdiction to dissolve defendant-association, etc. The special appearance was resisted upon various grounds. One ground was that the questions raised by the special appearance could be raised only by motion to dismiss or other appropriate action after general appearance.

The court sustained the special appearance. Thereafter it ordered the petition dismissed for want of jurisdiction and rendered judgment for costs against plaintiff. Hence, this appeal.

Appellants' first proposition is, the sustaining of the special appearance was erroneous because the district court had jurisdiction of the subject matter of the suit and secured jurisdiction of defendant by the service of the original notice.

In no decisions called to our attention has this court determined the precise questions here presented. In State v. Winneshiek Co-Op. Burial Assn., 234 Iowa 1196, 15 N.W.2d 367, the question whether special appearance was the proper procedure was not raised, and the order overruling the special appearance was affirmed on the merits. Yoerg v. Iowa Dairy Industry Comm., 244 Iowa 1377, 60 N.W.2d 566, involved immunity from the suit, of the State, as the real defendant. It followed Bachman v. Iowa State Highway Comm., 236 Iowa 778, 20 N.W.2d 18, which involved, also, the personal liability of the state officers. In State ex rel. Hutt v. Anthes Force Oiler Co., 237 Iowa 722, 727, 22 N.W.2d 324, 326, the procedure here employed was not adopted. There the question of the right to maintain the suit was raised, not by special appearance, but by motion to dismiss. The court "sustained the motion on the ground that it was not brought by the proper party." This court affirmed.

Rule of Civil Procedure 66 provides: "A defendant may appear specially, for the sole purpose of attacking the jurisdiction of the court, * * *."

R. C. P. 104(a) provides: "Want of jurisdiction of the person, or insufficiency of the original notice, or its service must be raised by special appearance * * *; and want of jurisdiction of the subject matter may be so raised."

Appellee does not contend there was here, "want of jurisdiction of the person, or insufficiency of the original notice, or its service." Therefore, the special appearance was necessarily limited to one ground, to wit: "Want of jurisdiction of the subject matter."

The text in 21 C. J. S. 44, 45, 46, Courts, section 35(b) defines jurisdiction of the subject matter, "* * * as the power to hear and determine cases of the general class to which the proceedings in question belong, * * *. Thus a court has jurisdiction of the subject matter when it has the right to try the kind of proceeding, * * *; when it has jurisdiction of the person and the cause is the kind of cause triable in such court.

"* * *.

"*The subject matter of a suit,* when reference is made to questions of jurisdiction, means the nature of the cause of action, and the relief sought."

In the language of 14 Am. Jur., Courts, section 160, 363, 364, "Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs, of the nature of the cause of action, and of the relief sought."

Collins v. Powell, 224 Iowa 1015, 1020, 277 N.W. 477, 481, states, the court must have power to hear and determine cases of the general class to which the proceedings belong, "which is known as jurisdiction of the subject matter * * *."

In re Appeal of McLain, 189 Iowa 264, 269, 176 N.W. 817, 819, states: "Jurisdiction of subject matter has reference, not to jurisdiction in the particular case, but to jurisdiction in that *class* of cases."

Reed v. Muscatine, 104 Iowa 183, 184, 185, 73 N.W. 579, points out: "* * * it is important to distinguish between jurisdiction of the general subject and jurisdiction of the particular subject; for, if it be found that the case under consideration belongs to the former class, then it is within the jurisdiction of the court, * * *. * * * 'this authority exists wherever there is power over a general class of cases'."

▆▆ Appellee concedes, "the district court has jurisdiction in quo warranto actions generally * * *." But it contends: "the lack of jurisdiction comes about, not because the district court does not have jurisdiction over quo warranto actions generally, but because the district court does not have jurisdiction over quo warranto actions of the particular kind involved in this action, unless brought by the Attorney General." This argument concerning "quo warranto actions of the particular kind" overlooks the language of R. C. P. 104(a), "jurisdiction of the subject matter" which the authorities hold means, "the general subject matter." Section 499.53 does not deprive the district court of jurisdiction of the general subject matter. Nor is such jurisdiction dependent upon how or by whom quo warranto may be instituted and maintained in that court.

Actually, the question here is not one of jurisdiction. In Carolina Power & Light Co. v. South Carolina Pub. Serv. Authority (and two other cases) 4 Cir., 94 F.2d 520, 526, certiorari

denied 304 U. S. 578, 58 S. Ct. 1048, 1049, 82 L. Ed. 1541, the court, speaking through Judge Parker, held plaintiff had no standing to maintain the suit, stating: "While the question of the right of plaintiff to maintain the suit is frequently treated as going to the question of jurisdiction, it goes, in reality, to the right of plaintiff to relief, rather than to the jurisdiction of the court to afford it. Greenwood County v. Duke Power Co., 4 Cir., 81 F.2d 986, 999."

Walling v. Miller, 8 Cir., Minn., 138 F.2d 629, 631, 632, certiorari denied 321 U. S. 784, 64 S. Ct. 781, 88 L. Ed. 1076, states: "Assuming, but not deciding, that the administrator is not authorized in the first place to maintain a suit for restitution and that only the employees may do so, the inclusion of the order for restitution in the consent decree did not go to the jurisdiction or power of the court but to the merits only." (Citations)

Wabash R. Co. v. Duncan, 8 Cir., Mo., 170 F.2d 38, 41, certiorari denied 336 U. S. 904, 69 S. Ct. 490, 93 L. Ed. 1069, states: " 'It may undoubtedly be shown in defense that plaintiff has no right under the allegations of his bill or the facts of the case to bring suit, but that is no defect of jurisdiction, but of title.' "

General Inv. Co. v. New York Cent. R. Co., 271 U. S. 228, 230, 46 S. Ct. 496, 497, 70 L. Ed. 920, was an appeal from a dismissal "for want of jurisdiction of the subject matter." The decision states: "There may be jurisdiction and yet an absence of merits * * * as where * * * the right to invoke such relief is lodged exclusively in an agency charged with the duty of representing the public in the matter. Whether a plaintiff seeking such relief has the requisite standing is a question going to the merits, and its determination is an exercise of jurisdiction. [Citations] If it be resolved against him, the appropriate decree is a dismissal for want of merits, not for want of jurisdiction."

In the case at bar there was no want of jurisdiction of the subject matter within the meaning of R. C. P. 104(a). We hold special appearance was not the proper procedure to assail the standing, or right, of the citizens to maintain the suit as relators. Hence, the order sustaining the special appearance was erroneous.

The judgment is reversed and the cause is remanded for further proceedings.—Reversed and remanded.

All JUSTICES concur.