THE J. R. WATKINS COMPANY, appellant, v. HENRY JOHN KRAMER et al., appellees.

No. 49731.

(Reported in 97 N.W.2d 303)

948

JUNE 9, 1959.

David J. Butler, of Mason City, for appellant.

Brown, Dresser & Kinsey, of Mason City, for appellee Henry John Kramer.

Mason & Stone, of Mason City, for appellees Lawrence J. Behm and Helen C. Behm.

OLIVER, J.—This is an appeal from an order and judgment sustaining a plea of res adjudicata and dismissing plaintiff's

action as to certain defendants. The original action was instituted in 1957 by plaintiff, The J. R. Watkins Company, upon a written contract for the purchase price of goods, against defendants Lawrence J. and Helen G. Behm, as sureties for the purchaser, and the purchaser himself. In that action the district court sustained the motion of defendants Behm to dismiss, upon the ground the petition failed to show plaintiff, a foreign corporation, had the right to maintain such action in the courts of Iowa.

The dismissal of the original action was based upon plaintiff's failure to plead compliance with section 494.9, Code of Iowa, 1954 (1958) which provides, no foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of said contract it shall have procured a permit to transact business in this state. See Johnson Service Co. v. Hamilton, 225 Iowa 551, 281 N.W. 127. Plaintiff does not contend the order sustaining the motion to dismiss the original action was erroneous.

Rule 86, R. C. P., provides in part: "Pleading over— election to stand. If a party is required or permitted to plead further by an order or ruling * * *. Unless otherwise provided by order or ruling, such party shall file such further pleading within seven days * * * and if such party fails to do so within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order, * * *."

Here the order of the trial court recited: "The plaintiff is permitted if it desires to amend within the time permitted by statute."

Plaintiff did not amend or plead over within the time permitted by R. C. P. 86. Hence, it elected to stand upon the record and at the expiration of the seven-day period the order became a final adjudication against it. Wright v. Copeland, 241 Iowa 447, 449, 41 N.W.2d 102. In June 1958 it instituted, against the same defendants, the present action, which is the same as its original action. The Behms pleaded the dismissal of the original action was a final adjudication upon the merits,

adverse to plaintiff and in their favor. The trial court sustained this plea of res adjudicata and dismissed the case. Plaintiff has appealed.

I. The appeal is based upon one proposition only. Rule 217, R. C. P., states: "All dismissals * * * not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise."

Appellant's Brief Point states:

"A dismissal of a plaintiff foreign corporation's petition on the ground no showing had been made the foreign corporation had a permit to do business in the State of Iowa is a dismissal for want of jurisdiction and does not operate as an adjudication on the merits."

 Appellant agrees the court had jurisdiction of the parties but contends the court did not have jurisdiction of the subject matter. Jurisdiction of the subject matter has been defined as the power to hear and determine cases of the general class to which the proceedings belong. State ex rel. Cairy v. Iowa Co-Op. Assn., 248 Iowa 167, 169 to 171, 79 N.W.2d 775, and citations; 14 Am. Jur., Courts, section 160; 21 C. J. S., Courts, section 35(b); Collins v. Powell, 224 Iowa 1015, 1020, 277 N.W. 477, 481.

 The district court of Iowa has jurisdiction to hear and determine cases of this general class. Hence, it would seem the order dismissing the petition in the original action must have been based upon the disability of appellant to maintain such action rather than the want of jurisdiction of the court to hear and determine cases of that general class.

 This would accord with the general rule. Fletcher, Cyclopedia of the Law of Private Corporations, Volume 18, section 8628, page 82, states the objection that the foreign corporation has not complied with the qualifying statutes of the state goes to its legal capacity to sue.

Selznick Enterprises v. Garson Productions, 202 Mich. 106, 110, 167 N.W. 1010, 1011, states: "If plaintiff is barred from maintaining this action because of the statutory provision, that fact has no bearing upon the jurisdiction of the court but may be pleaded by defendants as an affirmative defense in bar of the action."

That decision was followed in Cook v. Casualty Association of America, 246 Mich. 278, 224 N.W. 341.

Risvold v. Gustafson, 209 Minn. 357, 296 N.W. 411, held the issue whether an action on behalf of an unlicensed foreign corporation could be maintained was one of the corporation's right to sue.

Charles Roome Parmele Co. v. Haas, 171 N. Y. 579, 583, 64 N.E. 440, states: "The objection, at most, is one as to the character or capacity of the plaintiff to sue."

See also Watson v. Empire Cream Separator Co., 66 Colo. 284, 180 P. 685; Flanagan v. Drainage District No. 17, 176 Ark. 31, 2 S.W.2d 70; Marshall Field & Co. v. Houghton, 35 Idaho 653, 208 P. 851.

In State ex rel. Cairy v. Iowa Co-Op. Assn., supra, 248 Iowa 167, 170, 171, 79 N.W.2d 775, 777, it was contended the effect of a statute which gave the attorney general the exclusive right to maintain quo warranto against certain co-operative associations was to deprive the district court of jurisdiction over such particular actions, unless brought by such officer. The court overruled this contention, stating:

"Actually, the question here is not one of jurisdiction. In Carolina Power & Light Co. v. South Carolina Pub. Serv. Authority (and two other cases) 4 Cir., 94 F.2d 520, 526, certiorari denied 304 U. S. 578, 58 S. Ct. 1048, 1049, 82 L. Ed. 1541, the court, speaking through Judge Parker, held plaintiff had no standing to maintain the suit, stating: 'While the question of the right of plaintiff to maintain the suit is frequently treated as going to the question of jurisdiction, it goes, in reality, to the right of plaintiff to relief, rather than to the jurisdiction of the court to afford it. Greenwood County v. Duke Power Co., 4 Cir., 81 F.2d 986, 999.'

"* * *.

"Wabash R. Co. v. Duncan, 8 Cir., Mo., 170 F.2d 38, 41, certiorari denied 336 U. S. 904, 69 S. Ct. 490, 93 L. Ed. 1069, states: ' "It may undoubtedly be shown in defense that plaintiff has no right under the allegations of his bill or the facts of the case to bring suit, but that is no defect of jurisdiction, but of title." ' "

General Investment Co. v. New York Cent. R. Co., 271 U. S. 228, 230, 46 S. Ct. 496, 497, 70 L. Ed. 920, 921, was an appeal from a dismissal for want of jurisdiction of the subject matter. Holding this was an untenable ground, the decision states:

"There may be jurisdiction and yet an absence of merits * * * as where * * * the right to invoke such relief is lodged exclusively in an agency charged with the duty of representing the public in the matter. Whether a plaintiff seeking such relief has the requisite standing is a question going to the merits, and its determination is an exercise of jurisdiction. (Citations) If it be resolved against him, the appropriate decree is a dismissal for want of merits, not for want of jurisdiction."

The reasoning of the foregoing authorities makes it clear that the dismissal of appellant's former action was not for want of jurisdiction of the court. Hence, it was not within the exception to R. C. P. 217 as contended by appellant. It follows that such dismissal operated as an adjudication on the merits. The judgment of the district court, dismissing the action, is affirmed.—Affirmed.

All JUSTICES concur.