WILLIAM & SOPHIA CHRISTENSEN, individually and as a partnership, appellants, v. BOARD OF SUPERVISORS OF WOODBURY COUNTY, IOWA, appellee.

## No. 50006.

(Reported in 105 N.W.2d 102)

1260

SEPTEMBER 20, 1960.

W. A. Dutton, of Sioux City, for appellants.

Robert E. Beebe of Kindig, Beebe & McCluhan, of Sioux City, for appellee.

GARFIELD, J.—The question presented is whether the district court lacked jurisdiction of the subject matter of this action. We must disagree with the trial court's determination there was such lack of jurisdiction.

Plaintiffs own two noncontiguous eighty-acre tracts, farmed as a unit, on an east-and-west secondary road in Woodbury County. New Interstate Highway 29 runs generally north and south between the two tracts. Defendant, Board of Supervisors, acting under chapter 306, Code of 1958, entitled "Establishment, Alteration and Vacation of Highways", held a hearing on March 19, 1958, on the matter of closing the part of the secondary road crossed by the new 29. Due to the limited access character of 29 plaintiffs must travel three miles farther than formerly in going from one of their tracts to the other. All the buildings are on the west tract. Thus in a round trip from the buildings to the east tract additional travel of six miles is required.

Plaintiffs appeared at the hearing and filed written objections to the closing and claim for damages therefrom. It is not suggested they were not entitled under the Code section 306.8 to file such objections and claim for damages. Plaintiffs' attorney personally appeared before the Board and orally presented the objections and claim for damages.

The Board took no action on March 19 on plaintiffs' objections and claim. It did not continue the hearing or set a date when it would again consider the matter. September 29, 1958, six months and ten days after the hearing, the Board overruled the objections and denied the claim for damages but plaintiffs had no knowledge of such action until July 25, 1959, when defendant barricaded the portion of the road it belatedly vacated. August 12, 1959, plaintiffs filed in the district court their "Petition at Law for Declaratory Judgment; Appeal from Highway Closure." Notice of the action was duly served August 13.

Section 306.11 provides: "Any claimant for damages may, by serving, within twenty days after the said final order has been issued, a written notice upon the * * * board * * *, appeal as to the amount of damages, to the district court of the county in which the land is located, in the manner and form prescribed in chapter 472 with reference to appeals from condemnation * * *." Section 472.22, in chapter 472, states a petition shall be filed, setting out the items of damage claimed and the amount thereof.

Section 306.10, relating to the Board's final order in such a road matter, provides, "Said order thus entered shall be final except as to the amount of the damages." So there can be no doubt as to the right to appeal to the district court from the disallowance of damages.

Notice of this action was not served within 20 days from the entry of the Board's order. But the petition alleges facts designed to excuse this delay. It states by reference to their claim, made part of the petition, the items of damage claimed and the amount thereof. It asks that their damages be ascertained and for a declaratory judgment setting forth their rights, granting all equitable and declaratory relief to which they are

entitled, a jury being demanded upon any fact issue raised by defendant's denial. Thus plaintiffs seek to appeal from denial of their claim for damages and ask equitable relief from their failure to serve notice of the appeal within the 20-day period.

Defendant filed a special appearance to the petition under rules 66 and 104(a), Rules of Civil Procedure, mainly on the ground plaintiffs failed to appeal from the ruling filed on September 29, 1958, within 20 days thereafter as required by section 306.11 and therefore the court has no jurisdiction of the subject matter. Plaintiffs' appeal is from the dismissal of their petition following the sustaining of the special appearance upon this ground.

It is clear there would be no basis for the special appearance if plaintiffs had served notice of appeal within 20 days after the Board's order was issued. We think it is also clear there is no basis for the special appearance, notwithstanding the delay in serving the notice, in view of plaintiffs' allegations designed to excuse such delay and entitle them to equitable relief therefrom. If such allegations are insufficient to excuse the delay in serving the notice that is a matter going to the merits of the case and not to the court's jurisdiction of the subject matter. In such event the petition might be vulnerable to a motion to dismiss but the special appearance should not have been sustained upon the ground of lack of jurisdiction of the subject matter.

Aside from what has already been stated, plaintiffs' petition alleges by way of excuse for delay in serving notice of this action: "* * * plaintiffs made inquiry after inquiry at the office of the county auditor respecting what action had been taken by defendants as to plaintiffs' protest and claim for damages, but were told none had been taken.

"On July 25, 1959, upon making further inquiry, the county auditor was unable to locate any ruling upon plaintiffs' protest and claim for damages.

"On or about July 28, 1959, plaintiffs' attorney was notified by defendants' attorney that plaintiffs' claim had been denied but he could not name the date and upon searching the resolutions of the Board it was found to have been denied September 29, 1958 * * *.

"Plaintiffs inquired at the auditor's office from week to week for six weeks for the ruling by defendant Board and frequently thereafter, finally deciding to await the physical closing of the road. The barricade was not placed on said road until July 25, 1959.

"* * * on September 29, 1958, defendant Board again took up the matter for consideration and denied plaintiffs' claim and declared the road vacated; the Board had held 25 meetings subsequent to the original hearing.

"* * * no notice was ever given plaintiffs of defendants' plan to again take up said matter; plaintiffs were given no notice of the decision reached respecting same and had no knowledge of said action until the barricade was erected across said road on July 25, 1959.

"Plaintiffs contend defendants had no right or power under the statute to continue the hearing or their decision thereon.

"Plaintiffs contend that with the holding of 25 intervening meetings by defendant Board before again considering plaintiffs' claim for damages, defendants lost jurisdiction of said matter.

"Plaintiffs state they have not been guilty of laches and should not be deprived of their right of appeal herein * * *.

"Plaintiffs now appeal from the decision entered by the defendant Board on September 29, 1959."

It appears the Board's order of September 29 was first published on November 26 (1958), in a newspaper published at Anthon (1950 population 770) rather than in one published in Sioux City (1950 population about 84,000), the county seat, where plaintiffs' attorney was located.

Authorities need not be cited for the proposition that upon this appeal well-pleaded allegations of fact in plaintiffs' petition must be taken as true. This is the effect of rule 102, Rules of Civil Procedure.

It is the county auditor's duty to record all proceedings of the Board. Code section 333.1.

The leading Iowa precedent on what jurisdiction of the subject matter means is State ex rel. Cairy v. Iowa Co-Op. Assn., 248 Iowa 167, 170, 79 N.W.2d 775, 776. There an order sustain-

ing a special appearance for want of jurisdiction of the subject matter was reversed because the ground asserted really went to plaintiff's right to relief rather than to the jurisdiction of the court to afford it. We think the trial court here fell into the same error the trial court did in the Cairy case.

The Cairy decision, supra, states: "In the language of 14 Am. Jur., Courts, section 160, [pages] 363, 364, 'Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs, of the nature of the cause of action, and of the relief sought.' "

See also The J. R. Watkins Co. v. Kramer, 250 Iowa 947, 950, 97 N.W.2d 303, 305; Harvey v. Prall, 250 Iowa 1111, 1116, 97 N.W.2d 306, 309, which states: "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings belong."

Monroe Township School District v. Board of Education, 250 Iowa 1324, 1327, 1328, 98 N.W.2d 888, 890, cites the Cairy case, supra, and the authorities therein cited and then says: "* * * All of these are to the general effect that a court has jurisdiction of the subject matter of an action when it has a right to try the kind of proceeding, the general class of cases to which the one then before it belongs. It seems inescapable that the court had jurisdiction to try the class of cases which includes the present one, section 275.15, Code of 1958, which provides: "* * * Within twenty days after the publication [of the order fixing boundaries of the proposed school corporation] thereof the decision rendered by the county board of education may be appealed to a court of record in the county involved by any school district affected.' "

We think there can be no doubt the district court has jurisdiction of the class of cases to which this one belongs. Code section 306.11, to which the principal ground of the special appearance refers, expressly provides for the right of appeal from the denial of a claim for damages. Plaintiffs' failure to serve notice of this action within 20 days after the Board's order was issued does not go to the court's jurisdiction

to hear and determine cases of the general class to which this one belongs.

If it were true that unexcused failure to serve notice of appeal within 20 days after issuance of the board's final order would go to the court's jurisdiction of the subject matter —a proposition which seems untenable—the failure here is not unexcused. And, as stated, the sufficiency of the excuse goes to plaintiffs' right to relief, not to the jurisdiction of the court to afford it. It is fundamental that the merits of the case may not be inquired into on special appearance. Anderson v. Moon, 225 Iowa 70, 73–77, 279 N.W. 396, and citations. Nor may the sufficiency of the petition to allege a cause of action be tested by special appearance. Bachman v. Iowa State Highway Commission, 236 Iowa 778, 781, 782, 20 N.W.2d 18, 19, 20.

The petition is denominated "Petition at Law" although equitable relief is also asked. But under our repeated holdings it would make no difference upon this appeal if the action were in equity. If the action were improperly brought in equity, rather than at law, this would not even be ground for a motion to dismiss. Code sections 611.7 and 611.9 provide an error as to the kind of proceedings adopted shall not cause the dismissal of the action, but merely a change into the proper proceedings, and a transfer to the proper docket and that defendant may have the correction made by motion to transfer. Failure to make such motion operates as a waiver of any right to such transfer. We have frequently pointed out there is but one court of general jurisdiction in Iowa—the district court. Among numerous decisions in support of these views are Wright v. Copeland, 241 Iowa 447, 450, 451, 41 N.W.2d 102, 104; Newton v. Grundy Center, 246 Iowa 916, 919–921, 70 N.W.2d 162, 164; Riter v. Keokuk Electro-Metals Co., 248 Iowa 710, 716, 82 N.W.2d 151, 155; and citations in these cases.

The "appeal" to which section 306.11 refers is not a real judicial appeal. It is, in effect, nothing more than a means of getting the matter before the trial court as an original proceeding and for an original judgment. Authorities for this position are numerous. Monroe Twp. Sch. Dist. v. Board of Education, supra, 250 Iowa 1324, 1328, 1329, 98 N.W.2d 888, 891, and

citations; Board of Education in and for Essex Sch. Dist. v. Board of Education in and for Montgomery County, 251 Iowa 1085, 104 N.W.2d 590. The Monroe Township case was an appeal to the district court from an order fixing boundaries of a proposed school district. There the applicable statute, Code section 275.15, provides for appeal to a court within 20 days from publication of order.

■■■■ It is clear the district court has jurisdiction to grant both declaratory and equitable relief as well as to entertain an appeal from the disallowance of damages. Rule 261, Rules of Civil Procedure, authorizes courts to declare rights "whether or not further relief is or could be claimed. * * * The existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Rule 268, in Division XI of our rules relating to declaratory judgments, states, "The right of trial by jury shall not be abridged or extended by rules 261–267."

■■■■ According to Code sections 306.11 and 472.21 an appeal from the Board's disallowance of damages would be tried as an ordinary proceeding. It is entirely proper under our present procedure for a plaintiff to join in the same petition a cause of action at law and one in equity. Rule 22, R. C. P.; Johanik v. Des Moines Drug Co., 235 Iowa 679, 682, 683, 17 N.W.2d 385, 388. And rule 186 confers ample authority upon a trial court to order trial as in equity of any equitable issues that arise in an action commenced at law. Johanik case, supra.

■■■■ Even the improper joinder of two causes of action would not deprive the court of jurisdiction of the subject matter. Rule 27(b), R. C. P., would then apply. It provides: "The only remedy for improper joinder of actions shall be by motion. On such motion the court shall either order the causes docketed separately or strike those causes which should be stricken, always retaining at least one cause docketed in the original case. * * *."

■■■■ The jurisdiction of the court over the subject matter that may be attacked by a special appearance is jurisdiction over the entire action, not jurisdiction as to part of such action.

Sanford Mfg. Co. v. Western Mutual Fire Ins. Co., 225 Iowa 1018, 1023, 282 N.W. 771.

There was another ground of the special appearance: "That if any action were brought, it should be properly brought against Woodbury County rather than the Board of Supervisors." No one now claims this ground was good. The trial court did not sustain it and defendant makes no attempt to uphold the ruling on this ground. That this ground is not valid see Monroe Township School District v. Board of Education, supra, 250 Iowa 1324, 1327, 1328, 98 N.W.2d 888, 890, and citation.

The trial court is directed to overrule the special appearance.—Reversed and remanded.

LARSON, C. J., and BLISS, HAYS, THOMPSON, GARRETT, and THORNTON, JJ., concur.

PETERSON, J., dissents.

OLIVER, J., not sitting.

PETERSON, J.—I respectfully dissent. The majority decides two issues in reversing. 1. In this action in equity plaintiffs are granted a right to appeal from the action of defendant in denying damages, in spite of plaintiffs' failure to appeal within 20 days, as provided in section 306.38, 1950 Iowa Code. 2. That the defect in plaintiffs' case is not jurisdictional, but involves the merits, and cannot be reached by special appearance.

Presumably it is the contention of the majority that defendant should have filed a motion to dismiss. I agree it would have been better; and a more direct approach, but I contend the procedure followed sustains defendant's position in the case.

I. It is a dangerous doctrine to overrule a specific statutory provision. While there apparently was some delinquency on the part of some county office employees I do not feel it was of such a serious nature that a specific statutory provision should be abrogated. Defendant's records were open to the public, and plaintiffs' attorney had some obligation to check them.

Specific statutory procedure as to appeal under chapter 306, takes precedence over general equitable actions.

We have often held special statutes take precedence over general ones. Warren v. Iowa State Highway Commission, 250 Iowa 473, 93 N.W.2d 60; Crawford v. State Highway Commission, 247 Iowa 736, 76 N.W.2d 187; Iowa Mutual Tornado Insurance Assn. v. Fischer, 245 Iowa 951, 955, 65 N.W.2d 162, 165.

The situation in the case at bar is analogous to this situation.

Plaintiffs' relief is restricted to statutory procedure, when the matter is controlled by statute. Hampton v. Des Moines & Central Iowa R. Co., 217 Iowa 108, 250 N.W. 881; In re Proposed Assessment by County Treasurer of Woodbury County v. Lytle Investment Co., 219 Iowa 1099, 260 N.W. 538; In re Assessment of Farmers' Loan & Trust Co., 129 Iowa 588, 105 N.W. 1023; Woodbury County v. Talley, 153 Iowa 28, 129 N.W. 967.

In Hampton v. Des Moines & Central Iowa R. Co., supra, the court said (page 111 of 217 Iowa): "No appeal from the finding and decision of an inferior tribunal will lie unless authorized by statute, and, when allowed, the procedure prescribed must be strictly followed."

In In re etc. Treasurer of Woodbury County v. Lytle Inv. Co., supra, the court stated (page 1102 of 219 Iowa): "The right of appeal is purely statutory and unless conferred does not exist."

II. I contend the last clause of rule 104(a), R. C. P., as to special appearance sustains the ruling of the trial court. The clause provides: "and want of jurisdiction of the subject matter may be so raised."

What is the subject matter in the case at bar? It is the claim for damages by appellants for closing a road which intersects Interstate Highway No. 29.

We have clearly decided the issue involved in the recent case of Warren v. Iowa State Highway Commission, 250 Iowa 473, 93 N.W.2d 60.

On the basis of that decision appellants have no cause of

action. If appellants had followed the statute and appealed within 20 days, they still would not have a cause of action.

The majority contend that "subject matter" pertains to a class of cases, of which the case under consideration must be one, in order to qualify under the special appearance rule. They say no such condition pertains here, and cite State ex rel. Cairy v. Iowa Co-Op. Assn., 248 Iowa 167, 79 N.W.2d 775, in support of this position.

The difficulty with this position, as I view it, is that the case at bar is a class unto itself. The petition is denominated "Petition for Declaratory Judgment; Appeal from Highway Closure." A petition for declaratory judgment is ordinary and well known. However, I fail to find either in statutory procedure or in judicial pronouncement a cause of action in equity permitting "appeal from highway closure." Since this case is therefore a class unto itself, in view of the Warren decision we have no jurisdiction of the subject matter involved. We can therefore reach the defect by special appearance.

I contend we could properly justify affirmance on the basis I have outlined. Under such circumstances it seems such a futile gesture to reverse and then have the case promptly dismissed in view of our decision in Warren v. Iowa State Highway Commission, supra.

It is an unfortunate situation for plaintiffs, but as we stated in the Warren case at page 486 of 250 Iowa: "The greatest good of the greatest number is the criterion which the authorities having charge of the building, alteration, and maintenance of the highway systems in the State must follow."

I would affirm.