Harold J. ROSS and Mabel M. Ross, Husband and Wife, Appellants,

v.

LINN COUNTY BOARD OF SUPERVISORS, Linn County, Iowa, Appellee.

No. 54138.

Supreme Court of Iowa.

Dec. 15, 1970.

**122**

Robert C. Nelson, Cedar Rapids, for appellants.

William G. Faches, County Atty., and Phillip D. Klinger, Asst. County Atty., Cedar Rapids, for appellees.

LARSON, Justice.

The material facts not being in dispute, we are in this appeal asked to determine whether in condemnation proceedings brought under chapter 306, Code 1966, a claimant for damages must serve notice of his appeal within 20 or within 30 days after the final order of condemnor has been issued.

Through its board of supervisors Linn County undertook condemnation proceedings for the acquisition of a right of way for a newly-established road over property owned by the appellants herein. On December 17, 1968, by a resolution the appellee board fixed and determined the damages to appellants at $5,504.50. On the 14th day of January, 1969, appellants filed a petition of appeal from this award in the Linn County District Court and notice thereof was duly given to the sheriff and the county board of supervisors on the same date. On January 21, 1969, the appellee filed its motion to dismiss the appeal, which pursuant to appellants' resistance was overruled by the court on August 14, 1969. Thereafter on an application for rehearing the court reversed itself and on September 5, 1969, dismissed plaintiffs' appeal as not timely taken. Thus we have this appeal.

I. Appellants assign as error the court's conclusion that chapter 306 required any claimant for damages to serve notice of appeal within 20 days after the final order of the board of supervisors made pursuant to condemnation proceedings thereunder. We must agree.

The resolution of this issue requires a close study of the provisions of chapter 306, its history and changes as revealed by a general revision of this law in 1951, and a determination of the legislative intent expressed therein. Such a study reveals that revision came about in chapter 103, known as H.F. 59, Laws of the 54th General Assembly, and its purpose was to enlarge the authority of certain commissions and boards and to provide new appellate procedures in case of appeals. The explanation attached to H.F. 59 provided as follows:

"Bill is essentially a code revision bill. It repeals all but a few sections of chapter 306, Code 1950, relating to the establishment, alteration, and vacation of highways, and enacts a substitute therefor.

"Chapter 306 of the code has grown up by various legislative enactments over the past 100 years or more. Much of the present language of this chapter goes back to pioneer days. It is now obsolete. The highway legislation of the past forty years has rewritten and revised nearly all of the highway code except chapter 306. That chapter has never been overhauled and modernized. This bill is intended to do that job. This bill repeals sixty-nine sections of the present Code and enacts twenty-two new sections to cover much the same subject matter."

The pertinent sections of chapter 306 involved in this controversy are among those rewritten.

Chapter 122, Laws of the 55th General Assembly, known as H.F. 165, also related to chapter 306 of the Code and was purely

a corrective measure of chapter 103, Acts of the 54th General Assembly.

In chapter 103, Laws of the 54th General Assembly, sections 12, 13 and 14, illustrative of some of the changes in sections 306.11, 306.12 and 306.13, of the 1966 Code, provided:

"Sec. 12. Appeal. Any claimant for damages may, by serving, within twenty (20) days after the said final order has been issued, a written notice upon the commission, board or boards which instituted and conducted such proceedings, appeal as to the amount of damages, to the district court of the county in which the land is located, *in the manner and form prescribed in chapter four hundred seventy-two (472), Code 1950, with reference to appeals from condemnation,* and such proceedings shall thereafter likewise conform to the applicable provisions of said chapter. (Emphasis supplied.)

"Sec. 13. *Establishment.* In the establishment of any road, the board or commission in control of such road or road system need not cause a hearing to be held thereon or notice to be published thereof, but may do so.

"Sec. 14. *Purchase or condemnation of right of way—procedure. Proceedings for the condemnation of land for any highway shall be under the provisions of chapter four hundred seventy-one (471) and chapter four hundred seventy-two (472), Code 1950, or as said chapters may be amended.* (Emphasis supplied.)

"Provided that, in the condemnation of right of way for secondary roads, the board of supervisors may proceed as provided in sections three hundred six point fifty-one (306.51) to three hundred six point fifty-nine (306.59), both inclusive, and three hundred six point sixty-one (306.61), Code 1950."

The corrective measure in chapter 122, Laws of the 55th General Assembly, section 1, amended section 14 of chapter 103, Laws of the 54th General Assembly, and provided:

"Section fourteen (14) of Chapter one hundred three (103), Acts of the Fifty-fourth General Assembly is hereby amended by adding the following at the beginning of said section:

" 'In the maintenance, relocation, establishment, or improvement of any road, including the extension of such road within cities and towns, the commission or board having jurisdiction and control of such road *shall have authority* to purchase or *to institute and maintain proceedings for the condemnation of the necessary right of way therefor.* Such board or commission shall likewise have power to purchase or institute and maintain proceedings for the condemnation of land necessary for highway drainage, for weighing stations, or land containing gravel or other suitable material for the improvement or maintenance of highways, together with the necessary road access thereto.' " (Emphasis supplied.)

Section 306.13, Code of 1966, now provides:

"In the maintenance, relocation, establishment, or improvement of any road, including the extension of such road within cities and towns, the commission or board having jurisdiction and control of such road shall have authority to purchase or to institute and maintain proceedings for the condemnation of the necessary right of way therefor. Such board or commission shall likewise have power to purchase or institute and maintain proceedings for the condemnation of land necessary for highway drainage, for weighing stations, or land containing gravel or other suitable material for the improvement or maintenance of highways, together with the necessary road access thereto. *Proceedings for the condemnation of land for any highway shall be under the provisions of chapter 471 and chapter 472 or as said chapters may be amended.* Provided that, in the

condemnation of right of way for secondary roads, the board of supervisors may proceed as provided in sections 306.22 to 306.31, both inclusive." (Emphasis supplied.)

II. Appellants contend chapter 306, as now constituted, provides for more than one type of action and proceedings available to persons whose property may be damaged by commission or board action. They contend the chapter, as originally enacted, related only to *establishment, alteration,* and *vacation* of highways, which did *not* include the right *to condemn* property for a right of way. They concede, in claims for damages resulting from such proceedings, an appeal must still be taken within 20 days from the final order relating thereto, but since the enactments of the 54th and 55th General Assemblies, a new power was provided the board *to condemn* property for highway purposes and a new procedure prescribed as to the taking of such appeals, which does not conflict with other laws providing time for appeals in takings for highway purposes. We find this position well taken and that it is sustained by the present statutory provisions relating to such appeals in the chapter.

It is true, as appellee contends, that prior to the revisions of chapter 306 the 20-day requirement to perfect an appeal from any award for damages resulting from commission or board action in establishing, altering, or vacating highways, was clear and definite, and that as to damage claims resulting from *establishment, alteration,* and *vacation* of existing highways, that 20-day provision still exists. However, due to the repeal of most of chapter 306 of the 1950 Code and the changes made in the new sections thereof by the 54th and 55th General Assemblies, a new power to condemn was provided in what is now designated as

section 306.13 of the Code. A reference therein to condemnation procedures in chapters 471 and 472 unmistakably directed as to appeals from condemnation proceedings required a notice within 30 days, not 20 days, after the final order.

Chapters 471 and 472, Code of 1966, relate to eminent domain proceedings generally, and section 472.18 specifically provides:

"Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken."

III. Although it is true, as appellee points out, that no appeal from the findings and decision of an inferior tribunal will lie unless authorized by statute and the procedure prescribed is strictly followed (Hampton v. Des Moines & Central Iowa Railroad Company, 217 Iowa 108, 250 N.W. 881), we are satisfied that under the circumstances here the procedure authorized and prescribed in chapter 306 for the taking of appeals in condemnation proceedings was followed, and that in the case of condemnation of property for highway purposes the aggrieved party has 30 days within which to give notice and perfect his appeal.

In view of the concession that notice was served herein on the 24th and 28th day after the final order of the board, the dismissal entered herein must be set aside and further proceedings as provided in chapters 471 and 472, Code 1966, permitted.

Reversed and remanded.

All Justices concur except REES, J., who takes no part.